RODRÍGUEZ, APELANTE, *v.* PORTO RICO RAILWAY, LIGHT AND POWER CO., APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 926.—Resuelto en junio 4, 1913.

PRUEBAS—DECLARACIONES CONTRADICTORIAS DE UN TESTIGO FALLECIDO.—Después de la investigación practicada por el juez municipal con motivo de la muerte del padre del demandante ocurrió el fallecimiento del único testigo ocular del accidente. La declaración que él prestó ante ese juez fué admitida como prueba sin oposición con el fin de demostrar la negligencia de la compañía demanda en este caso. La demandada presentó dos testigos cuyas declara-ciones fueron casi idénticas para demostrar que el testigo ocular fallecido les había hecho manifestaciones contrarias a lo que declaró ante el juez

municipal y la demandante hizo objeción a uno solo de estos testigos por el único fundamento de que era de referencia.   Se resolvió:

1. Que la objeción fundada en ser de referencia la declaración tal vez se hubiera podido alegar con éxito por el apelante si se hubiera referido a ambos testigos y si el objeto no hubiera sido el de atacar la veracidad del testigo.

2. Que de acuerdo con la doctrina sentada en el caso de *El Pueblo v. Ruiz,* 7 D. P. R., 128, es admisible la prueba de referencia para demostrar que un testigo fallecido ha hecho declaraciones contradictorias.

3. Para que puedan interponerse con éxito objeciones a la admisión de prueba es necesario que se puntualicen los fundamentos de la objeción, y si estos fundamentos no tienen eficacia legal no puede luego impugnarse con éxito en apelación la admisión de dicha prueba por fundamentos distintos a los alegados en la corte inferior.

Los hechos están expresados en la opinión.

Abogado de Francisca Rodríguez como madre de Armando Dávila: *Sr. José E. Benedicto.*

Abogados de la apelada: *Sres. J. Henri Brown* y *Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

La corte inferior, después de oir la prueba practicada sobre las cuestiones debatidas entre el demandante y la demandada, dictó sentencia a favor de esta última.   El apelante alegó tanto en el juicio como en su alegato que debe presumirse la negligencia de la compañía puesto que la muerte del padre del demandante se debió a la caída de un alambre con corriente eléctrica.   La prueba fué contradictoria y el apelante en el acto de la vista ante este tribunal hizo caso omiso de la cuestión relativa a la negligencia y alegó únicamente que la corte inferior cometió error admitiendo cierta prueba testifical que dió origen a dicha contradicción en la prueba.

Julián Dávila era el padre del demandante Armando Dávila.   Su muerte se debió a la conmoción que recibió al poner una de sus manos en contacto con uno de los alambres con corriente eléctrica de la compañía demandada.   Al hacerse la investigación preliminar ante el juez municipal el día en que ocurrió el accidente, investigación idéntica a la que en los Estados Unidos practica el *coroner,* Leonardo Rodríguez, único testigo presencial del accidente prestó una declaración

jurada en la que expresó que la muerte de Julián Dávila tuvo lugar al poner éste su mano izquierda para evitar que un alambre que se caía chocara con su cuerpo en momentos en que estaba en una posición encorvada. Leonardo Rodríguez falleció con anterioridad a la celebración del juicio reduciéndose a escrito su declaración, la que fué admitida como prueba sin objeción alguna a pesar de que no era de una persona próxima a morir o la declaración de un testigo fallecido prestada en un pleito anterior seguido por las mismas partes y era claramente inadmisible si se hubiera formulado objeción contra la misma. La demandada ofreció luego la declaración de dos testigos con el fin de probar que Leonardo Rodríguez había hecho manifestaciones enteramente distintas a las que hizo ante el juez municipal. El demandante se opuso a la admisión de dicha prueba o parte de ella por ser de referencia, y habiéndola admitido la corte, el demandante tomó excepción en cuanto a uno de los testigos pero no con respecto al otro. Estos testigos declararon con el objeto de probar que Rodríguez les había dicho que Dávila se había acercado por curiosidad al alambre que colgaba de un poste y al alcanzarlo y cogerlo para quitarlo del poste, falleció por la conmoción que recibió. Hubo prueba clara de peritos y fotografías con las que se trató de mostrar que el alambre con corriente estaba a una distancia de dos metros por lo menos del suelo en el sitio en que Dávila recibió el choque; que dicho alambre se había roto y que la única parte que tenía corriente era un pedazo cuyo extremo inferior distaba unos dos metros de la tierra.

Convenimos con el apelante en que las declaraciones de los dos testigos eran inadmisibles por ser de referencia si fueron propuestas con el solo fin de mostrar la forma en que ocurrió el accidente. Los autos, sin embargo, muestran varias cosas. Primera, que si bien el demandante se oponía, no tomó excepción alguna a la declaración del primer testigo. Segunda, que la demandada expresó por medio de su abogado que había permitido que se presentara la declaración de Ro-

dríguez porque podía ser impugnada con la de otros testigos. Tercera, que existe una duda muy grande con respecto al hecho de si las declaraciones de los dos testigos de la demandada fueron ofrecidas con algún otro fin que no fuera el de impugnar la veracidad de la declaración de Rodríguez. Cuarta, hay además otras pruebas que demuestran el carácter de inverosímil que lleva consigo la declaración de Leonardo Rodríguez.

Se ha sugerido sin embargo, aunque no por el apelante, que las declaraciones de los testigos eran inadmisibles por no haberse expresado con qué objeto se presentaban, pues es una regla de evidencia que para que pueda presentarse prueba con respecto a manifestaciones hechas por un testigo y que son incompatibles, deberá primeramente llamársele su atención acerca de las mismas y dársele una oportunidad para que las explique. Sería suficiente contestación a este argumento el expresar que Rodríguez no fué nunca testigo en ningún juicio seguido por las partes en este pleito y por la materia objeto de la acción en controversia. Además, Rodríguez había muerto y era imposible que se le diera una oportunidad para hacer alguna explicación. Aun cuando hubiera sido testigo en algún juicio seguido por las partes, hay conflicto en las autoridades acerca de si puede presentarse prueba de impugnación, pero creemos que la cuestión ha quedado resuelta en cuanto a esta jurisdicción en el caso *El Pueblo* v. *Ruiz,* 7 D. P. R., 128, en el que se consideraron como admisibles manifestaciones idénticas a las de este caso.

Sin embargo, la contestación principal a este argumento es que la objeción que se hizo a que se presentara la prueba de impugnación, no se fundó en que no se hubiera alegado el objeto de dicha prueba. La objeción según la especificación que en ella se hizo fué que la declaración era de referencia. Esta era completamente distinta de la objeción de que no se había alegado un verdadero motivo para su presentación. Las objeciones deberán ser específicas para que puedan surtir efecto al apelante. *Falero et al.* v. *Falero,* 15

D. P. R., 118; *El Pueblo* v. *Asencio,* 16 D. P. R., 359; *El Pueblo* v. *Silva,* 17 D. P. R., 607; *Surís* v. *Quiñones,* 17 D. P. R., 670.    Teniendo en cuenta estos hechos, no creemos que la corte cometió error al admitir las declaraciones de los dos testigos de la demandada.

No hemos discutido la cuestión de *res ipsa loquitur* que ha sido planteada en los alegatos porque dicha doctrina solamente sería de aplicación en todo caso, después de que se presentara prueba de que la muerte en realidad ocurrió por haberse caído el alambre; y no mereciendo crédito la declaración de Rodríguez no hay nada que demuestre que la muerte del causante del demandante hubiera tenido lugar por la caída del referido alambre.    Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado Aldrey.

Jueces disidentes: Sres. Asociados MacLeary y del Toro.