Cibes et al., Demandantes y Apelantes, *v.* Santos et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez, en causa sobre cobro de una cantidad de ·dinero. ·

No. 1164.—Resuelto en marzo 27, 1915.

Excepciones Previas—Falta de Capacidad para Demandar—Conclusiones de Derecho—Demanda.—La excepción previa de falta de capacidad legal para demandar, comprendida en el No. 2 del artículo 105 del Código de Enjuiciamiento Civil, entraña una conclusión legal que ha de derivarse de ciertos hechos, y si tales hechos no resultan de la demanda, el demandado está en el deber de precisarlos, como así lo estatuye el artículo 106 al ordenar que la excepción previa deberá especificar con precisión los motivos en que se funda cualquiera de las impugnaciones hechas a la demanda.

Id.—Demanda—Contestación a la Demanda—Alegaciones de Hecho.—Tanto la demanda como la contestación deben contener alegaciones de hecho, ya sean éstas determinantes de una acción, ya de una excepción, para que esos hechos puedan servir de base a la resolución de las cuestiones legales propuestas.

Id.—Falta de Capacidad Legal para Demandar—Partición de Herencia.—No sostiene la excepción previa de falta de capacidad legal para demandar, el hecho de que el pagaré en litigio no fué objeto de partición sino expresamente excluído de ella para su distribución futura por los mismos demandantes, pues ello no afecta a la personalidad de éstos sino a la falta de acción.

Albaceas—Facultad de los Albaceas—Cobro de Crédito.—El artículo 876 del Código Civil marca taxativamente las facultades de los albaceas para el caso de que el testador no las hubiere determinado especialmente, no estando comprendidas en esas facultades las de cobrar los créditos pertenecientes al finado.

Id.—Facultades para Demandar—Sucesión.—La facultad que para demandar se reconozca a los albaceas no coarta en modo alguno el derecho que para hacerlo asiste a los herederos del finado.

Contadores Partidores—Sus Facultades.—Las funciones de los contadores partidores se limitan, como su nombre lo indica, a la partición de la herencia.

Sucesión del Finado—Capacidad para Demandar.—El hecho de que exista la entidad ''Sucesión del finado'' no es motivo para negar capacidad para demandar a la viuda e hijos del causante que son precisamente los que la constituyen.

Administración Judicial—Menores Ausentes.—De acuerdo con el artículo 25 de la ley de procedimientos legales especiales, aprobada en 9 de marzo de 1905, tal como fué enmendada por ley de 8 de marzo de 1906, cuando existe un representante legítimo de los menores ausentes en la jurisdicción del último domicilio de la persona finada, como es la madre, no es necesaria la administración judicial de los bienes del difunto.

Patria Potestad—Defensor Judicial—Tutor.—El artículo 56 del Código de Enjuiciamiento Civil no deroga el 223 del Código Civil, y armonizando los preceptos de ambos códigos, la conclusión es que al padre o a la madre por razón de la patria potestad corresponde la representación de sus hijos menores

de edad, y que solamente cuando haya incompatibilidad para ello podrán éstos ser representados por medio de su tutor general o un defensor nombrado por la corte.

ID.—INCOMPATIBILIDAD DE INTERESES.—No procede la aplicación del artículo 230 del Código Civil en juicio sobre pago de cantidad cuando litiga en concepto de demandada una madre en nombre propio y en representación de sus hijos menores, porque en este caso no existen intereses opuestos sino comunes.

OBLIGACIÓN—MANCOMUNADA Y SOLIDARIA.—No habiéndose establecido en el presente caso que la obligación que se reclama tenía el carácter de solidaria con arreglo al artículo 1104 del Código Civil, la contienda entablada entre las partes tiene que ser favorable a la demandante en el sentido de que ambos demandados están obligados mancomunadamente al cumplimiento de la obligación que se reclama en la demanda.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Sabater.*

Los apelados no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de una acción ejercitada ante la Corte de Distrito de Mayagüez por Isabel Cibes y Estela a nombre propio y además como madre con patria potestad sobre sus menores hijos habidos en su matrimonio con el finado Julián Herencia y Gozalvo, nombrados Julián, Juan, Rosa, Fernando y Roberto Herencia y Cibes, siendo también demandante Isabel Herencia y Cibes por su propio derecho asistida de su esposo Alfredo Lasisse, cuya acción tiene por objeto gestionar el cobro de un pagaré, su valor $1,500, y obtener sentencia por la que se condene a los esposos demandados William J. Santos y Fausta Aponte de Santos a pagar a los demandantes solidaria y mancomunadamente la expresada suma, con intereses legales desde la interposición de la demanda, costas, gastos, desembolsos y honorarios del abogado de los demandantes.

El pagaré de que se trata inserto en la demanda enmendada, tal como fué notificada a la representación de la parte demandada en 29 de diciembre de 1913, dice así:

"Por $1,500. Para el 30 de junio de 1912. Debo y pagaré en virtud del presente y a la orden de Don Julián Herencia la cantidad de un mil quinientos dollars, oro americano, valor recibido de

dicho señor, a mi entera satisfacción y contento, la que pagaré el día treinta de junio de mil novecientos doce y al fiel y exacto cumplimiento de ésta mi obligación, sujeto y afecto todos mis bienes habidos y por haber, los cuales no podré enajenar sin el pago íntegro de dicha cantidad, obligando_____en el caso de que mi acreedor me conceda alguna prórroga a satisfacer el interés convenido del_____por ciento_____renunciando todas las leyes a _____favor y la general, en forma, así como la de *non nume-rata pecunia*, prueba y término, el derecho de domicilio, fuero y vecindad. En el caso de reclamación judicial oblígome a pagar _____pesos para gastos y costas incluso honorarios de abogado y me someto a la jurisdicción exclusiva de la corte. Mayagüez, P. R., 3 de junio de 1912. Fausta Aponte de Santos. P. P. Wm. J. Santos. Wm. J. Santos.''

Alega la parte demandante en su demanda que en 3 de junio de 1912 el demandado William J. Santos por sí y como apoderado de su esposa Fausta Aponte de Santos, la otra demandada, suscribió y entregó a Julián Herencia y Gozalvo el pagaré de que se deja hecho mérito por valor de $1,500, a vencer en 30 de junio del mismo año; que vencida la obligación los demandados no la pagaron ni en todo ni en parte, a pesar de haber sido requeridos para ello innumerables veces; que el tenedor del documento, Don Julián Herencia y Gozalvo falleció en la ciudad de Mayagüez el 17 de mayo de 1913, bajo testamento, dejando como únicos y universales herederos a sus seis hijos legítimos los demandantes, habidos en su matrimonio con Isabel Cibes y Estela, y a ésta en la forma que determina la ley civil; y que los demandantes son dueños en común y proindiviso del pagaré como herederos testamentarios de Julián Herencia y Gozalvo, teniendo en su poder dicha obligación, la que no ha sido traspasada a persona alguna.

Los demandados al contestar la demanda negaron específica y generalmente, todos y cada uno de los hechos de la misma, y alegaron como defensas adicionales y especiales: 1ª. Que ni los demandantes ni ninguno de ellos con excepción de Isabel Cibes y Estela e Isabel Herencia y Cibes, tie-

nen capacidad legal para demandar en el presente caso; 2ª. Que ni los demandantes ni ninguno de ellos son dueños del pagaré en que se funda la demanda; y 3ª. Que los demandados no han sido ni fueron jamás notificados de endoso, pretensión o adjudicación alguna de dicho pagaré a favor de los demandantes ni de ninguno de éstos ni de otra persona alguna.

Celebrado el juicio la corte dictó sentencia en 13 de mayo de 1914 por la que se declara que la ley y los hechos están a favor de los demandados, y en su consecuencia se desestima la demanda enmendada sin especial condenación de costas, dejando a los demandantes en libertad para ejercitar cualquier otra acción que estimen oportuna y procedente para hacer efectivos los derechos que tengan, cuya sentencia ha sido apelada para ante esta Corte Suprema por la representación de los demandantes.

Dos son los motivos que invoca la parte apelante en apoyo del recurso, y consisten en los siguientes errores de ley, a saber:

*Primero.* Que la corte inferior erró al considerar la alegación de los demandados sobre la falta de capacidad para demandar en los demandantes y resolver dicha cuestión, por haber sido promovida en forma de excepción previa sin háberse expuesto los motivos y fundamentos legales de tal alegación.

*Segundo.* Que la corte inferior erró al declarar que los demandantes en su carácter individual de herederos no tienen personalidad para entablar y proseguir este litigio.

Antes de entrar a examinar los motivos del recurso conviene hagamos constar los fundamentos de hecho y de derecho en que el juez funda su sentencia.

El juez estima probadas las alegaciones todas de la demanda, a saber, el otorgamiento del pagaré en los términos que su texto revela a la orden de Julián Herencia y Gozalvo, la falta de pago de dicho documento en parte o en todo, y el fallecimiento de Julián Herencia y Gozalvo bajo testamento

en el cual designó por sus únicos y universales herederos a sus hijos los demandantes y a su esposa también demandante, en la forma que determina la ley.

También establece el juez como hecho probado que con motivo del fallecimiento de Julián Herencia y Gonzalvo se tramitó un expediente sobre partición de los bienes del mismo, sin que el pagaré de que se trata fuera incluído en el inventario ni adjudicado a los interesados en la herencia, pues se dejó en poder de la viuda Isabel Cibes y Estela para que ésta pudiese gestionar su cobro, transarlo o cederlo, obrando en todo con entera libertad, a cuyo fin intentaron conferirle cuantas facultades pudiera necesitar; que en dicho expediente figuraron además de la viuda Isabel Cibes y Estela por su propio derecho y como albacea contador-partidor, para cuyo cargo fué designada en el testamento de su difunto esposo, Isabel Herencia y Cibes, y José Cibes y Estela como defensor judicialmente nombrado de los menores Herencia y Cibes, de los cuales dos de ellos, Julián y Juan, residían en Alemania al hacerse la partición; que los concurrentes a la partición descontaron del capital sujeto a distribución entre los herederos un 8 por ciento para cubrir los quebrantos que pudiera haber en las obligaciones no satisfechas y los gastos que ocasionara el cobro de las mismas; y que las operaciones particionales fueron aprobadas por la corte el día 2 de septiembre de 1913.

Después de establecidas las anteriores conclusiones de hecho, la corte inferior hizo constar que pasaba a considerar y resolver el aspecto legal de la cuestión, y lo hizo en la siguiente forma:

"Tal y como ha sido entablada esta acción por los demandantes, la corte entiende en primer lugar que no se ha probado que tengan capacidad legal para ejercitarla, ni que sean dueños del pagaré en cuestión, requisitos estos esenciales para poder ejercitar con éxito la reclamación que consideramos.

"Y encontramos apoyo en este razonamiento en el hecho de que el pagaré en litigio no fué hecho objeto de partición, sino que fué

expresamente excluído de ella para su distribución futura por los mismos demandantes. En tal situación, parécenos que los demandantes, en la forma y carácter con que comparecen en este pleito, no tienen personalidad bastante ni derecho para reclamar con éxito el pago que demandan de los demandados.

"Habiendo fallecido el acreedor en el pagaré de referencia, bajo testamento en el cual dejó nombrado un albacea contador partidor, no vemos cómo pueden estos demandantes en su carácter individual de herederos, entablar y proseguir este litigio a nombre de todos y cada uno de ellos personalmente, existiendo como existe en este caso la entidad sucesión del fenecido, única que a nuestro juicio tendría probablemente personalidad para ejercitar esta acción. Existe otra circunstancia que también se tiene en cuenta por la corte para resolver este caso; y es la de si debió o nó ejercitarse esta acción por un administrador judicial nombrado en tiempo y forma, habiendo como hay entre los demandantes menores que al hacerse la partición de referencia residían fuera de Puerto Rico."

Parece que el juez ha llegado a la conclusión de que los demandantes no tienen capacidad legal para demandar en el presente caso ni son dueños del pagaré cuyo cobro persiguen, por los siguientes motivos: (*a*) porque el pagaré en litigio no fué objeto de la partición sino expresamente excluído de ella para su distribución futura por los mismos demandantes; (*b*) porque el tenedor del pagaré Julián Herencia y Gozalvo dejó nombrado un albacea contador-partidor; (*c*) porque existe la entidad sucesión del finado, única que a su juicio tendría probablemente personalidad para ejercitar la acción; (*d*) porque habiendo como hay entre los demandantes, menores que al hacerse la partición residían fuera de Puerto Rico, debe tenerse en cuenta para resolver el caso si debió o nó ejercitarse la acción por un administrador judicial nombrado en tiempo y forma.

Los antecedentes expuestos son los que nos han de servir de guía para considerar y decidir si se han cometido o nó en la sentencia los errores apuntados en su alegato por la parte apelante, pues la parte demandada en su contestación a la demanda no nos dice en qué consiste la falta de capacidad legal para demandar que como defensa alega en su

contestación, en cuya falta de capacidad·legal es que propiamente descansa la·sentencia.

Examinemos el primer error: La parte demandada, según ya hemos dicho, alegó en su contestación como defensa adicional y especial que ni los demandantes ni ninguno de ellos excepto Isabel Cibes y Estela e Isabel Herencia y Cibes, tienen capacidad legal para demandar en este caso.

Dicha alegación envuelve la excepción comprendida en el No. 2°. del artículo 105 del Código de Enjuiciamiento Civil que puede alegarse como previa si resulta del contenido de la misma demanda, y también al contestar la demanda, con arreglo al artículo 108 del mismo Código, estableciendo además el artículo 139 que no queda perjudicada una excepción previa deducida al mismo tiempo que la contestación; pero como la excepción de falta de capacidad legal para demandar entraña una conclusión legal que ha de derivarse de ciertos hechos, si tales hechos no resultan de la demanda, el demandado está en el deber de precisarlos y así lo estatuye el artículo 106 al ordenar que la excepción previa deberá especificar con precisión los motivos en que se funda cualquiera de las impugnaciones hechas a la demanda.

Tanto la demanda como la contestación deben contener alegaciones de hecho, ya sean éstas determinantes de una acción, ya de una excepción, para que esos hechos puedan servir de base a la resolución de las cuestiones legales propuestas, pues si faltan hechos no cabe decidir cuál sea el derecho aplicable. Eso sucede ·en el presente caso, en que por ignorar cuáles son los hechos que determinan la falta de capacidad legal de los demandantes, el tribunal carece de base para considerar y resolver la excepción mencionada de falta de capacidad legal de los demandantes. Dicha excepción podría desestimarse por no haber sido propuesta en forma.

Pero tomemos como base de discusión las conclusiones de hecho y de derecho establecidas por la corte en su opinión, ya que no las alegaciones de hecho de la parte deman-

dada por falta de ellos, para discutir en el fondo la excep-
ción de falta de capacidad legal para demandar, y exami-
nemos el segundo motivo del recurso.

Ya hemos dejado expuestas y marcadas con las letras
*a, b, c, d,* las razones que tuvo el juez para estimar que los
demandantes no tienen capacidad legal para demandar ni
son dueños del pagaré.

La razón marcada con la letra *a* de que el pagaré en liti-
gio no fué objeto de partición sino expresamente excluído
de ella para su distribución futura por los mismos deman-
dantes no sostiene dicha excepción, pues no afecta a la per-
sonalidad de los demandantes sino a la falta de acción. En
cuanto a ésta, lejos de destruírla, la favorece, pues si el pa-
garé en litigio no fué adjudicado a ninguno de los miembros
componentes de la Sucesión de Julián Herencia, ninguno de
ellos en particular adquirió la propiedad del mismo sino que
quedó perteneciendo a dicha sucesión en común y proindi-
viso, y por tanto esa sucesión tiene derecho a reclamar su
cobro mediante la correspondiente acción.

El artículo 876 del Código Civil marca taxativamente las
facultades de los albaceas para el caso de que el testador no
las hubiere determinado especialmente, no estando compren-
dida entre esas facultades la de cobrar los créditos perte-
necientes al finado; y aunque el artículo 53 del Código de
Enjuiciamiento Civil establece que un albacea, administrador
o comisario (*trustee*) por comisión expresa, o una persona
especialmente autorizada por la ley puede demandar sin el
concurso de las personas en cuyo beneficio se ejercita la ac-
ción, parécenos que ese precepto procesal debe armonizarse
con los de derecho sustantivo que respecto de los albaceas
contiene el Código Civil, o sea en el sentido de no ser nece-
sario el concurso de las personas en cuyo beneficio se ejer-
cita la acción, cuando el albacea obra dentro de sus facul-
tades legales.

De todos modos, la facultad que para demandar se reco-

nozca a los albaceas no coartará el derecho que para hacerlo asiste a los herederos del finado.

Las funciones de los contadores-partidores se limitan, como su nombre indica, a la partición de la herencia.

Ciertamente que en las operaciones divisorias del caudal relicto al fallecimiento de Julián Herencia aparece entre otros créditos por cobrar el pagaré motivo de la presente acción, habiendo convenido los interesados en que no se hiciera adjudicación de dichos créditos "sino que quedasen en poder de la viuda para que ésta pudiese gestionar el cobro, invistiéndola de plenas facultades para cobrarlos, entablar y ejercitar todas las acciones que estime convenientes para obtener el cobro, transándolos o cediéndolos, y obrando en todo con entera libertad, pues al efecto le conceden cuantas facultades pueda necesitar, y si lograse realizar el cobro, el producto que se obtenga será dividido en la misma forma y proporción en que se ha repartido el capital inventariado."

Las facultades transcritas constituyen a favor de la viuda de Herencia un apoderamiento o mandato para el cobro de los créditos a que se refiere, pero ella no ha querido ejercitar ese poder, y no vemos por tanto dificultad alguna para que todos los interesados en la herencia hayan podido gestionar el cobro, como lo han hecho por la vía judicial.

La viuda e hijos de Herencia, por muerte de éste, quedaron dueños del crédito de que se trata y si pueden cobrarlo por medio de mandatario con mayor razón pueden cobrarlo personalmente.

La razón marcada con la letra *c,* o sea el hecho de que exista la entidad "Sucesión del finado" tampoco es motivo para negar capacidad para demandar a la viuda e hijos de Herencia, pues precisamente ellos son los que constituyen esa sucesión, la que ha tenido que determinarse en la demanda por medio de la expresión individual de sus componentes con el fin de que la acción pudiera ser viable.

Tampoco puede afirmarse, y es la razón marcada con la letra *d,* que la acción ha debido ser ejercitada por un admi-

nistrador. judicial nombrado en tiempo y forma, por haber entre los demandantes menores que al hacerse la partición residían fuera de Puerto Rico.

La Ley de Procedimientos Legales Especiales aprobada en marzo 9, 1905, tal como fué enmendada por la de 8 de marzo de 1906, establece en su artículo 25 que cuando todos o algunos de los herederos estén ausentes y no tengan representante legítimo en la jurisdicción del último domicilio de la persona finada o lugar donde radiquen sus bienes, o cuando un heredero o legatario sea menor o esté incapacitado y no esté representado por su padre o madre o por un tutor que haya prestado fianza con arreglo a la ley, será necesaria la administración judicial de los bienes del testador.

Los menores hijos de Herencia, ausentes o presentes, tenían un representante legítimo en la persona de su madre y no era por tanto necesaria la administración judicial de los bienes del difunto.

Habiéndose alegado la falta de capacidad para demandar, sin expresión de hechos que la determinen, esa falta de capacidad, si habría de derivarse de la misma demanda, podría entenderse en el sentido de que la madre no podía representar a sus hijos menores de edad. Examinemos la excepción bajo ese aspecto. En busca de alguna razón legal que pueda apoyarla, hemos encontrado el artículo 56 del Código de Enjuiciamiento Civil que dice así:

"Artículo 56.—Cuando un menor, demente o persona incapacitada es parte en un litigio deberá comparecer bien por medio de su tutor general o de un defensor nombrado por la corte que entienda en el asunto en cada caso o por el juez de la misma  *  *  *."

Ese artículo no deroga el 223 del Código Civil que entre otros particulares dispone que el padre y la madre tienen respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho, y armonizando los preceptos de ambos Códigos podemos llegar a la conclusión de que al padre o

a la madre por razón de la patria potestad corresponde la representación de sus hijos menores de edad, y qué solamente cuando haya incompatibilidad para ello podrán éstos ser representados por medio de su tutor general o un defensor nombrado por la corte.

En el presente caso no hay incompatibilidad de intereses entre la viuda y sus hijos demandantes. El Tribunal Supremo de España en sentencia de 17 de junio de 1903 establece que no procede la aplicación del artículo 165 del Código Civil Español (230 de Puerto Rico) en juicio sobre pago de cantidad cuando litiga en concepto de demandada una madre en nombre propio y en representación de sus hijos menores, porque en este caso no existen intereses opuestos sino comunes. Jurisprudencia Civil, tomo 95, página 951. Aceptamos esa doctrina y la encontramos aplicable al presente caso.

La excepción de falta de capacidad para demandar no fué propuesta en forma y por ese fundamento pudo ser desestimada; pero aun discutiéndola en su fondo, como la hemos discutido, es improcedente.

Siendo ello, así, la solución que ha de darse a la judicial contienda entablada entre ambas partes tiene que ser favorable a la demandante en el sentido de que ambos demandados están obligados al cumplimiento de la obligación que se reclama en la demanda pero no solidariamente como se pretende, sino mancomunadamente con arreglo al artículo 1104 del Código Civil, que dice así:

"Artículo 1104.—La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación, no implica que cada uno de aquellos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria."

La solidaridad no se ha establecido en el presente caso.

Julián Herencia era dueño legítimo del pagaré cuya autenticidad es forzoso admitir por no haber sido impugnada debi-

damente en la forma que previene el artículo 121 del Código de Enjuiciamiento Civil; y habiendo fallecido Herencia sin que la obligación se hubiera extinguido total o parcialmente, la sucesión del mismo constituída por los demandantes adquirió el derecho a cobrarla. No fué adjudicado el crédito a alguno de los herederos sino que por convenio entre todos ellos quedó en común y proindiviso, con facultades a la viuda para cobrarlo, lo cual no es óbice para que la misma viuda y los hijos de Herencia hayan podido ejercitar como han ejercitado la acción de cobro.

Por las razones expuestas es de revocarse la sentencia apelada, declarando con lugar la demanda y condenando a los demandados a pagar mancomunadamente a los demandantes la suma de $1,500, montante del pagaré, con intereses legales desde la fecha de la interposición de la demanda, costas y desembolsos del juicio y honorarios del abogado de la parte demandante.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.