ANTONIO PORTELA, demandante y apelado, *v.* RAFAEL SALDAÑA, demandado y apelante, y PABLO VILELLA JR. y AGUSTÍN BALSEIRO, demandados y apelados.

No. 4452.—*Sometido:* Noviembre 20, 1928. *Resuelto:* Mayo 2, 1929.

*J. Valldejuli Rodríguez,* abogado del apelante; *José Martínez Dávila,* abogado del demandante apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Rafael Saldaña, un deudor solidario, fué requerido para mostrar causas por las cuales no debía ser obligado por una sentencia dictada en una acción sobre un pagaré en la que no había sido emplazado como demandado, y apela de una sentencia adversa dictada en el procedimiento prescrito por los artículos 307 a 312, inclusive, del Código de Enjuiciamiento Civil.

La exposición del caso dice que durante la vista de la orden para mostrar causa el abogado de Saldaña presentó una moción alegando que el procedimiento era nulo y contrario a derecho. Los motivos señalados fueron que el emplazamiento entregado a Saldaña no se refería a la sentencia ni expresaba que la misma estuviera sin satisfacer, ni especificaba la cantidad que de ella se adeudaba; y que al demandado no se le suministró copia del *affidavit,* según lo requiere el artículo 309 del Código de Enjuiciamiento Civil. El señor letrado también sostenía que la obligación descrita en el emplazamiento no era solidaria en cuanto a Saldaña.

Saldaña entonces solicitó permiso para introducir prueba con el fin de demostrar que el márshal no había entregado al demandado todos los documentos y certificaciones mencionados en el diligenciamiento. El juez de distrito manifestó que no admitiría prueba alguna a menos que fuera para demostrar que el diligenciamiento del márshal era falso, porque el diligenciamiento era prueba *prima facie* de los hechos en él expuestos; que, a los efectos del diligenciamiento del márshal, la corte no admitiría otra evidencia que el diligenciamiento mismo, sin perjuicio de cualquier derecho de acción que el demandado pudiera tener contra el márshal; y que lo que la corte quería decir era que el diligenciamiento era la única garantía *prima facie* que tenía la corte. El abogado manifestó que no había cuestión alguna de falsedad o veracidad respecto a lo consignado por el márshal, pero que podía haber habido algún error; que los documentos aludidos en el diligenciamiento, si bien constaban en el expediente, no habían sido radicados en secretaría. El juez entonces expresó que, según se había indicado ya, los documentos estaban unidos a los autos, pero no mostraban señal de radicación alguna. El abogado ofreció entonces traer al secretario para probar que esos papeles no habían sido radicados. La corte manifestó que si la contención del letrado era que los documentos no habían sido radicados por

no tener señal alguna de radicación, entonces la cuestión era una de derecho, y no había necesidad de presentar prueba alguna. El abogado entonces solicitó que se permitiera declarar al secretario, y ello le fué concedido. Acto seguido, el secretario declaró que los documentos no tenían señal de radicación alguna.

■■ Se señala como error la denegación de la moción del demandado dirigida a la validez del procedimiento. Los autos no revelan que se denegara la moción. El *affidavit* entregado al demandado y el diligenciamiento del márshal indican que los fundamentos especificados en la moción eran puramente ficticios. La corte inferior no se negó de manera definitiva a admitir prueba para contradecir el diligenciamiento del márshal. Por el contrario, el incidente anteriormente reseñado tiende a la conclusión de que si el demandado hubiese insistido en aducir tal prueba, la corte hubiera accedido, como lo hizo cuando se renovó la oferta de sentar al secretario en la silla testifical. De todos modos, si puede decirse que la corte inferior se negó a admitir prueba alguna en apoyo de la moción del demandado, no se anotó excepción contra esa negativa. La ausencia de una marca de radicación no podía invalidar la entrega de los documentos de rigor que había hecho el márshal en la forma provista por el Código de Enjuiciamiento Civil.

■ Saldaña también excepcionó la demanda de la acción original por falta de hechos suficientes para determinar una causa de acción, toda vez que el demandante no alegaba la entrega del pagaré. Al terminarse el incidente que ya hemos discutido, el abogado del demandante solicitó que se dictara resolución al efecto de que en una orden para mostrar causa por la cual un deudor solidario no debía quedar obligado por una sentencia ya dictada, el demandado no podía excepcionar la demanda que había servido de base para tal sentencia. Al mismo tiempo, el abogado manifestó que el demandante estaba preparado para proseguir con el juicio sobre los méritos del caso, y que deseaba aducir su

prueba, sin perjuicio de que la corte determinara la cuestión de la introducción de prueba por el demandado, y el juez de distrito dijo que él creía que era propio admitir la evidencia. El demandado anotó excepción de la resolución de la corte por el fundamento de que había sido citado para mostrar causa y no para un juicio. El demandante entonces presentó su prueba.

El apelante ahora se queja de que la corte inferior erró al declarar sin lugar la excepción, y al resolver que no podía permitírsele a un deudor solidario que presentara una excepción previa en un procedimiento de esta índole. Evidentemente, la corte inferior no desestimó la excepción previa. Tampoco la corte determinó definitivamente la primera de las dos cuestiones sometidas por el abogado del demandante. En el alegato del apelado se cita el caso de *Cooper* v. *Burch,* 140 Cal. 548, que expone la regla en California. No se nos cita autoridad alguna en apoyo de un criterio contrario.

Si la excepción previa hubiese sido declarada con lugar, el demandante habría tenido una oportunidad para enmendar su demanda. La omisión en la demanda fué suplida por la prueba presentada durante el juicio en la corte inferior. Bajo las circunstancias, la demanda puede ser considerada como si se hubiese enmendado para ajustarla a la prueba.

Las otras cuestiones, tal como están discutidas en el alegato del apelante, no demandan seria consideración.

*Debe confirmarse la sentencia recurrida.*