Armando Dávila Rodríguez, demandante y apelante, *v.* Porto Rico Railway, Light & Power Company, demandada y apelada.

No. 5582. *Sometido:* Abril 19, 1933. *Resuelto:* Abril 28, 1933.

*Armando A. Miranda,* abogado del apelante; *Henri Brown, C. Ruiz Nazario, G. González,* y *G. Benítez Gautier,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 7 de septiembre de 1928 compareció ante la Corte de Distrito de San Juan, Armando Dávila Rodríguez y archivó una demanda contra la P. R. Ry. Lt. & P. Co. en reclamación de cincuenta mil dólares por daños y perjuicios.

En ella alegó, en resumen, que es un menor emancipado judicialmente, hijo único y universal heredero de Julián Dávila, y que éste murió instantáneamente el 25 de abril de 1910, en la carretera insular número tres, cuando caminaba por ella en dirección a su casa, situada en el barrio de Canovanillas del municipio de Loíza, a consecuencia de haberse roto y caído sobre él uno de los alambres conductores de electricidad de una instalación de la demandada a virtud de la negligencia de ésta.

Emplazada la demandada excepcionó y contestó la demanda, alegando entre otras defensas la de cosa juzgada, así:

"A.—Que el presente pleito y la causa de acción en el mismo iniciada tienen el carácter de cosa juzgada, toda vez que la controversia aquí surgida entre las mismas partes por los mismos hechos y por igual causa de acción fué objeto del pleito civil No. 4598 seguido ante la Corte de Distrito del Distrito Judicial de San Juan, Sección Segunda, y resuelto en contra del demandante y a favor de la demandada, según sentencia de fecha 13 de agosto de 1912, la cual fué apelada para ante la Hon. Corte Suprema de Puerto Rico por el demandante en este caso, confirmándose dicha sentencia por la referida Corte Suprema, según resolución de fecha 4 de junio de 1913, reportada en el volumen 19 P.R.R. 613 a 616, por virtud de cuya sentencia fué definitivamente resuelta la cuestión litigiosa entre las mismas partes en este pleito y por igual causa de acción, a favor de la aquí demandada."

Señalado el pleito para verse, las partes estipularon que sólo se aportara la evidencia en relación con la defensa de cosa juzgada, posponiéndose la presentación de la restante para el caso de que dicha defensa fuera declarada sin lugar. Y la corte aprobó la estipulación.

Se aceptó que la madre del demandante Armando Dávila Rodríguez era Francisca Rodríguez, constando en el Registro Civil inscrito Armando como hijo natural reconocido de Francisca. Y se probó que en cierto pleito sobre filiación el demandante fué declarado hijo natural de Julián Dávila.

Se aportó en evidencia la demanda enmendada base del pleito civil No. 4598 iniciado el 28 de marzo de 1911 en la Corte de Distrito de San Juan por "Armando Dávila representado por su madre con patria potestad sobre él, *Francisca Rodríguez* vs. *The Porto Rico Power & Light Co.,* sobre indemnización de daños y perjuicios".

En ella se reclamaron $25,000 por daños y perjuicios a virtud de la muerte de Julián Dávila, padre del menor Armando, ocurrida el 25 de abril de 1910 en la carretera número tres, a consecuencia de haberse roto y caído sobre él, a vir-

tud de la negligencia de la demandada, uno de los alambres conductores de electricidad de su instalación.

La demanda comienza así:

"Comparece ante esa Hon. Corte Armando Dávila, menor de edad, representado por su madre con patria potestad sobre él, Francisca Rodríguez, por medio de su abogado que suscribe, y formula esta demanda contra The Porto Rico Power & Light Company por indemnización de daños y perjuicios y como causa de acción expone los siguientes hechos:"

Y termina como sigue:

"En mérito de todo lo expuesto a esa Hon. Corte SUPLICA: Que previos los trámites legales se sirva dictar sentencia, declarando con lugar esta demanda, condenando a la Sociedad demandada a pagar al menor Armando Dávila la suma de VEINTE Y CINCO MIL DÓLARES como indemnización de daños y perjuicios, con las costas, gastos y honorarios de abogado."

También la contestación a dicha demanda en la que se admitieron algunos hechos y se negaron otros, alegándose que si la muerte de Julián Dávila se produjo a consecuencia de algún choque con alambres de la demandada, se debió exclusivamente a su propia negligencia; la Resolución fundada de la corte—que constituye en efecto una opinión—en la que el juez de distrito estudia los hechos y la ley envueltos en el litigio, y la sentencia registrada que, en lo pertinente, dice:

"El día trece de agosto de 1912, y en Corte abierta, se llamó este pleito a juicio oral por su orden de señalamiento, y comparecieron ambas partes por medio de sus respectivos abogados, anunciando estar listas para el acto. En su virtud, leyeron sus alegaciones, introdujeron sus pruebas, que se practicaron en debida forma, y finalmente, sometieron el caso bajo argumentaciones escritas, que presentaron a su debido tiempo.

"Y la Corte, tomando en consideración dichas alegaciones y pruebas, declara sin lugar, la demanda, sin especial condena de costas.

"El Secretario librará la correspondiente orden de ejecución."

Además se introdujo como prueba la opinión y la sentencia del Tribunal Supremo de Puerto Rico de junio 4, 1913

confirmando la sentencia de la Corte de Distrito que dejamos transcrita. 19 D.P.R. 643.

Basándose en todo ello la corte sentenciadora el 27 de marzo de 1930 declaró con lugar la defensa de cosa juzgada y en su consecuencia dictó sentencia declarando la demanda sin lugar. Y es de esa sentencia que se apela, señalándose en el alegato la comisión de siete errores 'que pueden reducirse a cinco.

■ El primero se refiere a que la alegación de cosa juzgada no aduce hechos suficientes para constituir una defensa.

La cuestión se suscitó en la corte sentenciadora por vez primera después de practicarse la evidencia de la demandada, y a ella refiriéndose dijo la corte de distrito en su relación del caso y opinión:

"El demandante no impugnó mediante excepción previa ni en ninguna otra forma antes que se presentara como evidencia la sentencia, la alegación de cosa juzgada a que la misma se refiere ni tampoco presentó evidencia alguna para impugnar la presunción que de dicha sentencia surge que la Corte de Distrito de San Juan, Sección Primera, actuó con jurisdicción y siguió el procedimiento establecido por la Ley. Si algún defecto tenía la alegación de cosa juzgada quedó curado con la evidencia. F. Gavilán & Co. vs. Garriga e hijo, 38 D.P.R. 416; Padilla vs. Saldaña, 39 D.P.R. 542; Aboy Vidal & Co. vs. Garófalo, 39 D.P.R. 750 y D'Azizi vs. Alcaraz resuelto en enero 31 de 1930 y en estas circunstancias una vez presentada la sentencia, al demandante incumbía probar falta de jurisdicción de la Corte. Candal vs. Pierluissi, et al., 28 D.P.R. 606; González vs. González, 35 D.P.R. 702."

Estamos conformes. La no existencia del error quedará más clara aún cuando consideremos conjuntamente los errores dos, tres y siete que envuelven la cuestión decisiva del litigio.

■■ Por los señalamientos cuarto, quinto y sexto se sostiene que la corte de distrito erró al resolver que el Subsecretario de la Corte Suprema tenía facultad para autenticar documentos archivados en la secretaría de dicha corte; al decidir que no era necesaria la autorización judicial para que

una madre con patria potestad pudiera iniciar un pleito en representación de su hijo menor de edad, y al no sostener que la sentencia dictada en el pleito civil No. 4598 era nula.

El Subsecretario de la Corte Suprema Sr. Marrero compareció ante la corte de distrito llevando consigo los autos del recurso civil No. 926, titulado Francisca Rodríguez, como madre con patria potestad de Armando Dávila, demandante apelante, *vs*. Porto Rico Railway, Light & Power Co., demandada apelada, procedente de la Corte de Distrito de San Juan, Sección Primera. Se le mostró una copia de la opinión y sentencia del Supremo que aparecían unidas al pleito No. 4598 de la corte de distrito y las reconoció finalmente como copias exactas de sus originales. Nada dijo entonces el demandante. Fué después de terminado el interrogatorio que ocurrió lo que sigue:

"Dte:—En cuanto a la oferta del señor González nos oponemos por no estar debidamente identificados los documentos.

"Juez:—Habiéndose admitido que el documento que está unido a los autos es una copia fiel y exacta de los documentos que obran en la Corte Suprema de Puerto Rico, la Corte los admite. (Ddo. Ex. 8).

"Dte:—Excepción, por creer que no está debidamente identificado el documento y no constar certificación ninguna en el mismo."

La práctica en esta Corte Suprema es la de comunicar a la corte de distrito correspondiente la sentencia resolutoria del recurso que se dicte y la opinión en que se funde por medio de copias certificadas, ajustándose así a lo prescrito en el artículo 306 del Código de Enjuiciamiento Civil tal como quedó enmendado en 1906, Comp. 1911, pág. 904, que dice:

"Cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber dictado el tribunal inferior, salvo los casos en que fuere necesario aclarar determinados puntos de hecho, o que la indemnización que hubiere de fijarse o materia sobre la cual hubiere que decretarse, fuere dudosa, pues en cualquiera de estos casos se devolverá la causa para su revisión al tribunal inferior.

. "La sentencia pronunciada en apelación por la Corte Suprema

se enviará certificada al tribunal inferior para su cumplimiento. Cuando la apelación fuere de una sentencia definitiva, el secretario del tribunal inferior deberá unir el certificado al registro de sentencias y hacer una minuta de la sentencia de la Corte Suprema en el libro o registro de causas, junto al asiento primitivo.

"Cuando la apelación fuere de una orden, el Secretario deberá inscribir íntegramente en los autos del tribunal el certificado recibido y anotar frente al asiento de la orden apelada una referencia al certificado, consignando en términos breves que dicha orden fué aprobada, anulada o modificada por la Corte Suprema, en apelación."

Si esa práctica se sigue y el secretario de la corte de distrito cumple con lo que la ley le ordena, no vemos la necesidad de que tenga que hacerse nada más para que la actuación del Tribunal Supremo quede debidamente acreditada en la corte de distrito pudiendo hablar el récord de ésta por sí mismo.

No está claro si las copias que en este caso se enviaron al tribunal sentenciador estaban o no certificadas. Quizá no lo estaban y si ello era así, creemos que la declaración del subsecretario suplió lo que faltaba. El carácter con que a instancias de la demandada compareció dicho funcionario fué admitido por el demandante. Quedó demostrado que el Sr. Marrero era, como es, el Subsecretario de la Corte Suprema, que en aquel momento llevaba consigo los autos del recurso de que se trata archivados en la secretaría de dicho tribunal, y actuaba como si fuera el Secretario bajo cuya custodia de acuerdo con la ley y el reglamento de la corte se encontraban dichos autos.

■ ▇ La circunstancia de que se titulara a la parte demandante y apelante en el recurso "Francisca Rodríguez como madre con patria potestad de Armando Dávila" cuando el pleito se inició por "Armando Dávila representado por su madre con patria potestad sobre él, Francisca Rodríguez", no destruye la identidad perfectamente establecida por los hechos en que se basa la demanda y que analizados en la opinión del Supremo en relación con las pruebas y la ley sirvieron de fundamento a la sentencia que dictara.

■ Por el quinto error se sostiene que para iniciar válidamente el pleito de 1911 la madre debió haber solicitado y obtenido previamente autorización judicial. No estamos conformes. En el caso de *Cibes et al.* v. *Santos et al.*, 22 D.P.R. 224, 233, hablando esta corte por su Juez Presidente Sr. Hernández, se expresó así:

"Los menores hijos de Herencia, ausentes o presentes, tenían un representante legítimo en la persona de su madre y no era por tanto necesaria la administración judicial de los de los bienes del difunto.

"Habiéndose alegado la falta de capacidad para demandar, sin expresión de hechos que la determinen, esa falta de capacidad, si habría de derivarse de la misma demanda, podría entenderse en el sentido de que la madre no podía representar a sus hijos menores de edad. Examinemos la excepción bajo ese aspecto. En busca de alguna razón legal que pueda apoyarla, hemos encontrado el artículo 56 del Código de Enjuiciamiento Civil que dice así:

" 'Artículo 56.—Cuando un menor, demente o persona incapacitada es parte en un litigio deberá comparecer bien por medio de su tutor general o de un defensor nombrado por la corte que entienda en el asunto en cada caso o por el juez de la misma . . .'

"Ese artículo no deroga el 223 del Código Civil que entre otros particulares dispone que el padre y la madre tienen respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho, y armonizando los preceptos de ambos Códigos podemos llegar a la conclusión de que al padre o a la madre por razón de la patria potestad corresponde la representación de sus hijos menores de edad, y que solamente cuando haya incompatibilidad para ello podrán éstos ser representados por medio de su tutor general o un defensor nombrado por la corte.

"En el presente caso no hay incompatibilidad de intereses entre la viuda y sus hijos demandantes. El Tribunal Supremo de España en sentencia de 17 de junio de 1903 establece que no procede la aplicación del artículo 165 del Código Civil Español (230 de Puerto Rico) en juicio sobre pago de cantidad cuando litiga en concepto de demandada una madre en nombre propio y en representación de sus hijos menores, porque en este caso no existen intereses opuestos sino comunes. *Jurisprudencia civil, tomo 95, página 951*. Aceptamos esa doctrina y la encontramos aplicable al presente caso.

"La excepción de falta de capacidad para demandar no fué propuesta en forma y por ese fundamento pudo ser desestimada; pero aun discutiéndola en su fondo, como la hemos discutido, es improcedente."

Es el tutor el que de acuerdo con las expresas prescripciones del artículo 212 del Código Civil, ed. 1930, necesita autorización de la corte. Nada exige la ley cuando se trata del padre o de la madre en su caso que actúen en el ejercicio de los derechos y deberes que les impone la patria potestad. El artículo 159 del Código Civil, ed. 1930, que invoca el apelante no es aplicable. Se refiere a una situación distinta. No favorece la contención del apelante. Al contrario, la perjudica porque demuestra que cuando el legislador quiso restringir el ejercicio de la patria potestad y exigir la intervención previa de las cortes de justicia, lo hizo en términos expresos.

█ Por su sexto señalamiento sostiene el apelante que la corte de distrito erró al no declarar que la sentencia que dictara en 1912 en el pleito No. 4598 era nula por no ajustarse a lo prescrito en el artículo 227 del Código de Enjuiciamiento Civil tal como regía en dicha fecha, Comp. 1911, pág. 881.

Aparte de que no ya a virtud de ataques colaterales sino directos hemos resuelto que el no haberse dado cumplimiento a ese artículo no vicia de nulidad la sentencia resolutoria de un pleito, demuestran los autos que aquí el juez sentenciador cumplió esencialmente con todo lo que la ley exige. En su titulada "resolución" que precede a su sentencia, dicho juez hizo y archivó en efecto la "relación breve del caso exponiendo los hechos según éstos resulten ante él y dando las razones en que funde su decisión", a que se refiere la ley.

 Veamos ahora si existe o no la cosa juzgada, resolviendo así los señalamientos 2, 3 y 7, que son los únicos que no hemos considerado aún.

Para que surja la presunción exige la ley, artículo 1204 del Código Civil, ed. 1930, "que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más

perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.''

Comienza la parte apelante por sostener que no se probó en debida forma la sentencia anterior. Cita amplia jurisprudencia sobre el particular. De ella nos limitaremos a transcribir la que sigue, tal como la resume Corpus Juris, por estimar que es suficiente para, aplicada a los hechos del caso, dejar resuelta la cuestión planteada. Es así:

''La persona que aduzca la alegación de *res judicatu* debe establecerla mediante preponderancia de·evidencia. Para probar la existencia y el contenido de una sentencia es necesario presentar, y ellos serían suficientes, los autos del pleito o copia auténtica, y estos hechos no pueden ser establecidos mediante prueba colateral o extrínseca. Además no basta presentar la sentencia solamente sino que ésta debe estar acompañada por el récord en su totalidad, cuando el mismo existe incluyendo el legajo de la sentencia, a menos que, según puede ocurrir con los decretos de equidad, la sentencia de la corte contenga una narración que demuestre plenamente no sólo el hecho de la sentencia sino el alcance y la extensión del impedimento (*estoppel*) por ella creado.'' 34 C. J. 1069.

Aquí la parte que alegó la defensa de cosa juzgada tomando en sus manos el récord del pleito No. 4598 ofreció en evidencia entre otras constancias del mismo la demanda enmendada radicada con fecha marzo 29, 1911. Y la parte contraria dijo: ''La aceptamos como que es el original presentado en la Corte de Distrito.'' Y el Juez la admitió. Seguidamente introdujo la contestación. Y dijo el demandante: ''Se admite.'' Y la corte la admitió. Entonces expresó: ''De dicho expediente 4598, ofrecemos en evidencia la resolución de dicho caso, dictada en agosto 12, 1912, por el Juez de la Corte de Distrito, Sección Primera, Félix Córdova Dávila, y la sentencia del día 13 del mismo mes y año.'' Y dijo el demandante: ''Nos oponemos porque esa sentencia no fué contra nadie.'' Continuando el incidente como sigue: ''Dmdo:—Estoy presentando el documento original. Es en el tomo 7. Que lo traiga el secretario.—Dte:—Nosotros aceptamos que es una copia auténtica de la sentencia.—Juez:

—Entonces se admite como cierto el hecho de la sentencia. En cuanto al efecto es lo que discute.—Dte:—Sí, señor.— Juez:—Se admite para darle el valor que tenga. (Dmdo. Exhs. 6 y 7).—Dte:—Excepción.''

En Puerto Rico rige una ley que fija el modo de coleccionar los autos en los asuntos civiles. Se aprobó en febrero 19, 1906. Comp. 1911, pág. 340. Todos los documentos referentes al asunto deben coleccionarse y coserse esmeradamente por orden de ingreso bajo una cubierta que contiene el nombre de la corte, el número de radicación del asunto, los nombres de los litigantes y sus abogados, el título o indicación de la materia del proceso, la fecha en que fué iniciado, la del señalamiento y la fecha en que se dicta la sentencia o resolución definitiva. No sólo se unen al expediente las alegaciones y escritos originales, si que es deber del Secretario de la corte llevar a él libre de gastos para las partes copia de los asientos del libro de minutas y de toda resolución o sentencia que se dicte durante el curso del proceso.

Siendo ello así la verdad es que hubiera sido sumamente fácil para la parte demandada introducir en evidencia la totalidad de los autos siguiendo la jurisprudencia y evitando dificultades en el futuro.

Creemos sin embargo que lo presentado es suficiente para concluir fuera de toda duda que en la demanda y contestación introducidas—que de hecho al ser presentadas llevaron a la corte la totalidad del récord, pues no fueron ni pudieron ser desglosadas ni se presentaron por medio de copias—consta todo cuanto se sometió a la decisión de la Corte de Distrito. Y como se introdujeron además la titulada ''resolución'' y la sentencia tales como aparecían del libro en que originalmente se registraron (artículo 231 del Código de Enjuiciamiento Civil) y la ''resolución'' es amplia y detallada y recita la celebración del juicio y la práctica de la evidencia que se expone, analiza y pesa por la corte, hay base suficiente en el récord de este nuevo pleito para concluir que la sentencia anterior fué dictada decidiendo sobre sus méritos una determinada

controversia judicial cuyos hechos y fundamentos constan en los autos.

Comparando ahora este pleito con el anterior entendemos que existe entre ellos la perfecta identidad que la ley requiere para que pueda concluirse que la cuestión que se suscita en éste quedó en aquél definitivamente juzgada y resuelta en contra del demandante y en favor de la demandada.

Existe perfecta identidad entre las *cosas*. Ambas demandas, la de 1911 y la de 1928, se basan en el hecho de la muerte de Julián Dávila ocurrida en la carretera insular número tres el 25 de abril de 1910, siendo esa muerte la que tomó en consideración la Corte de Distrito de San Juan para dictar su sentencia de 13 de agosto de 1912, confirmada por la de esta Corte Suprema de 4 de junio de 1913.

Existe perfecta identidad entre las *causas*. En el pleito anterior como en éste se ejercita la misma acción de daños y perjuicios basada en que la muerte de Julián Dávila, padre de Armando, se debió a la negligencia de la misma entidad demandada en ambos pleitos al no mantener su instalación eléctrica con el debido cuidado.

Y existe perfecta identidad entre las *personas,* porque en ambos pleitos el demandante es Armando Dávila Rodríguez, y la demandada la Compañía Eléctrica de que se trata.

Esto en cierto modo lo acepta la propia parte apelante. Es la perfecta identidad de la *calidad* con que las personas litigaron, la que sostiene dicha parte que no existe, invocando en su favor como única autoridad lo decidido por esta Corte Suprema en el caso de *Irizarri* v. *Díaz Ojea,* 35 D.P.R. 144, que copiando del resumen, fué como sigue:

"Iniciada acción perteneciente a la sociedad de gananciales por la esposa personalmente asistida de su esposo, la sentencia en ella dictada no puede invocarse como cosa juzgada en acción posterior fundada en los mismos hechos establecidos por el esposo como representante de la propiedad legal de gananciales."

En el curso de la opinión se dijo:

"En el acto del juicio se probó la existencia del otro pleito ale-

gado, pero la parte demandante sostiene, con razón a nuestro juicio, que habiéndose iniciado dicho pleito por Providencia Morales que no tenía derecho a ello pues la acción pertenecía a la sociedad de gananciales, la sentencia en él dictada no puede invocarse para perjudicar la acción ejercitada en este pleito. Que la acción pertenece a la sociedad de gananciales fué resuelto en el caso de Vázquez v. Valdés et al., 28 D.P.R. 467, decisión que acaba de ser ratificada en tal extremo en el caso de Vázquez v. Porto Rico Ry., Light & Power Co., 35 D.P.R. 62.

"El artículo 1219 del Código Civil revisado (Comp. 1911, sec. 4325) dice que 'Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.' El pleito No. 9254 decidido por sentencia de 13 de diciembre de 1922 es cierto que se basó en los mismos hechos que el presente pero fué iniciado por Providencia Morales personalmente, mientras que en éste figura Providencia Morales como miembro de la sociedad de gananciales constituída con su esposo. El que fuera asistida de su esposo en el primer pleito no altera la situación. No existe, pues, la *perfecta identidad que la ley exige entre los litigantes en ambos pleitos,* y en tal virtud no procede la excepción de cosa juzgada."

Como puede verse, el caso es distinto. Aquí la demanda ahora establecida se presenta por Armando Dávila Rodríguez, como único hijo y universal heredero de Julián Dávila, para su propio beneficio, y la demanda que antes se estableció fué presentada por el propio Armando Dávila que, como era entonces un menor no emancipado cuyo padre había muerto, compareció representado por su madre con patria potestad sobre él, Francisca Rodríguez, siendo el pleito para beneficio exclusivo del menor, quedando los derechos del menor resueltos definitivamente en dicho pleito, en ausencia de fraude o de cualquier otro vicio capaz de invalidarlo, que en el nuevo pleito ni siquiera se alega que existiera. *Corker* v. *Jones,* 110 U. S. 317, 320.

Siendo, pues, perfecta la identidad de cosas, causas, personas de los litigantes y calidad en que lo fueron, no erró la corte de distrito al dictar su sentencia de mayo 27, 1930. La

obra de la justicia constituída quedó terminada en esta controversia desde 1913. Así lo exige el reposo de la sociedad y lo prescribe la ley.

*Debe confirmarse la sentencia recurrida.*