### RIVERA *v.* BRIGNONI ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 600.—Resuelto en diciembre 22, 1911.

APELACIÓN—ERRORES SEÑALADOS POR EL APELANTE—APELADO.—Es una regla bien establecida que las cortes de apelación examinarán solamente los errores señalados por el apelante y que·no se tomarán en consideración aquellos errores que el apelado alegue haberse cometido por la corte inferior.

INTERESES USURARIOS—PRUEBAS.—En el caso de autos se resolvió en apelación que debía revocarse la sentencia condenando al demandado a la devolución de $2,000 satisfechos por el demandante en concepto de intereses y a cuenta de un pagaré de mayor cantidad que le adeudaba al demandado, pues la prueba aportada al juicio no justifica que dicha suma haya sido en pago de igual cantidad de intereses usurarios a la parte demandada.

ID.—SUCESIÓN—CRÉDITO HIPOTECARIO.—También se resolvió que habiendo sido recibida la expresada suma de $2,000 por la Sucesión de Gregorio Brignoni a la que no pertenecen los esposos Práxedes Brignoni y Gregoria Mercado, sin que se haya justificado que se les diera participación en ella, no cabe condenar a los dos citados demandados a la devolución de dicha cantidad.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Vías Ochoteco y Ferrer y Muñoz y Brown.*

Abogados de los apelados: *Sres. Hord y Scoville y Manuel F. Rossy.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente pleito versa sobre nulidad de un crédito hipotecario, por usurario, y sobre devolución de dos mil dollars, satisfechos en pago de intereses de dicho crédito. La acción ha sido dirigida contra la sucesión de Gregorio Brignoni Mercado que era el acreedor, constituída por sus hijos Enrique, Francisca, Epifanio, José y Eduardo Huertas, y Francisco

Feltió, hijos naturales reconocidos del Gregorio Brignoni Mercado, y contra Práxedes Brignoni y Demetria Mercado, padres del mismo, en concepto de interesados en dicho crédito.

Según escritura pública de 20 de abril del año 1905, recibió el demandante Sixto A. Rivera de Gregorio Brignoni y Mercado en calidad de préstamo la suma de trece mil dollars que pagaría en el término de cuatro años a vencer en 20 de abril de 1909, con el interés del doce por ciento anual a pagar por trimestres anticipados, habiendo hipotecado en garantía de dicha obligación, con el consentimiento de su esposa, dos fincas de su propiedad que se describen en el mencionado documento.

Alega el demandante que no obstante haberse consignado en la escritura que el préstamo devengaría el interés del 12% anual, se le exigió que había de pagar interés sobre los trece mil dollars, no al tipo expresado sino al del $1\frac{1}{4}\%$ mensual, o sea al de 15% anual, habiendo pagado aproximadamente dos mil dollars a cuenta de dichos intereses ilegales, y exigídole Brignoni que por los intereses vencidos y no pagados otorgara varios pagarés, uno de mil ochocientos sesenta y cinco dollars 32 centavos, otro por tres mil dollars, y otro por cuatro mil dollars; que vencida la hipoteca y también los pagarés, que están en posesión de la sucesión de Gregorio Brignoni Mercado, ésta le exige el pago de la deuda y de sus intereses ilegales, que según dicha sucesión montan veinte y nueve mil setecientos sesenta y un dollars ochenta y cinco centavos después de descontar los dos mil dollars pagados; y que habiéndose celebrado el contrato de préstamo en 1905 con intereses ilegales, es nulo dicho contrato.

Los demandados negaron las alegaciones de la demanda, y celebrado el juicio la corte dictó sentencia, que copiada a la letra dice así:

"El día 16 de febrero de 1910, día señalado para la vista de este pleito, fué llamado, compareciendo las partes representadas por sus abogados Henry F. Hord y Vías y Ferrer respectivamente. La corte oída las pruebas y los informes de los abogados reservó su resolución.

Hoy día 31 de mayo de 1910, la corte resuelve de acuerdo con la adjunta opinión, que aun cuando los hechos están a favor de la parte demandante, la ley está en su contra en cuanto a la nulidad del contrato de hipoteca de 20 de abril de 1905 y a favor en cuanto a la reclamación de la suma de dos mil dollars ($2,000) por ser estos intereses usurarios, y en su consecuencia declara sin lugar la demanda en cuanto a dicho contrato y con lugar en cuanto a la devolución de dicha suma, ordenando que los demandados Práxedes Brignoni, su esposa, los menores Huerta y Brignoni y el menor Feltió y Brignoni, devuelvan al demandante Sixto Antonio Rivera, la suma de dos mil dollars ($2,000) imponiendo las costas y honorarios de abogados a dichos demandados. Dada a corte abierta en Humacao a 31 de mayo de 1910. (Firmado) Jorge V. Domínguez, Judge, District Court. Attest. Jesús L. Pereyó, Secretary.''

Contra esa sentencia interpuso la representación de los demandados recurso de apelación para ante esta Corte Suprema ''en los particulares referentes a la declaración de la existencia de intereses usurarios y al pago o devolución de los dos mil dollars que se consideran cobrados por cuenta de esos intereses y al pago de honorarios del abogado de la parte contraria.''

Alega la representación de la parte apelante como motivos del recurso:

1°. Que no se ha justificado el convenio y pago de intereses usurarios.

2°. Que Práxedes Brignoni y consorte como simples acreedores de Gregorio Brignoni, no pueden ser obligados a la devolución de los dos mil dollars, que no recibieron ellos sino la sucesión de Gregorio Brignoni.

3°. Que no ha existido malicia o temeridad que autorice la imposición de costas y honorarios de abogados a la parte demandada.

Ante todo debemos hacer constar que la parte demandante no interpuso recurso de apelación contra la sentencia que puso término al juicio, y por tanto la parte de dicha sentencia que declaró sin lugar la demanda en cuanto a la nulidad del

contrato de hipoteca de 20 de abril de 1905 no puede ser discutida en el presente recurso.

Ese pronunciamiento es firme, y ambas partes, demandante y demandada, tienen que sujetarse a él. Huelgan, por tanto, las alegaciones de la parte recurrida tendentes a demostrar que si el contrato de hipoteca fué usurario y nulo en la fecha en que se constituyó, no ha podido ser purgado del vicio de nulidad por la ley de 14 de marzo de 1907 para modificar la sección 4ª. de la ley sobre fijación del interés en toda clase de obligaciones, aprobada en marzo 1 de 1902.

Ya dijimos en 12 de noviembre de 1910 al resolver el caso de *Carmen Puig y Monserrate Orrach* v. *Sucesión de Jacinto Polanco:*

"Es una regla bien establecida que las cortes de apelación examinarán solamente los errores señalados por el apelante (*Jackson* v. *F. R. W. Co.,* 14 Cal., 22) y que no se tomarán en consideración aquellos errores que el apelado alegue haberse cometido por la corte inferior. (*Poppe* v. *Athearn,* 42 Cal., 606.''

Respecto del primer motivo del recurso encontramos comprobado en el juicio por las declaraciones del mismo demandante Sixto Antonio Rivera, de Gustavo Monrraille, de Eugenio O'Neill, de Eulogio Cruz y de Emilio García, que el interés del crédito consignado en la escritura hipotecaria de 20 de abril de 1905 no era realmente de 12% sino de 15% anual, como así lo apreció el juez en la opinión que sirve de fundamento a la sentencia recurrida.

No se nos ha explicado cómo para garantir el pago de los intereses de $13,000 a razón del 15% anual, en cuatro años se otorgaron tres pagarés, uno por $1,865.32, otro por $3,000 y otro por $4,000 cuyas partidas dan el total de $8,865.32, cuando los intereses de $13,000 al tipo expresado en cuatro años sólo pueden ascender $7,800.

Los pagarés que se libraron por Sixto A. Rivera a favor de Gregorio Brignoni en garantía del pago total o parcial de los intereses convenidos, no han venido al juicio, y sobre esos

documentos declara Rivera que el préstamo de $13,000 consignado en la escritura de 20 de abril de 1905 fué convenido con el interés del 1¼% mensual, pero como no podía hacerse constar así en la escritura, fué convenido que fuera de la hipoteca se extendieran pagarés comprensivos de ¼% mensual o tres por ciento anual, y como anteriormente debía a Brignoni una cantidad, fué incluída ésta en los pagarés al hacerse la hipoteca.

Según esa declaración, en los pagarés de que se trata fueron englobados los intereses usurarios del crédito de Rivera a favor de Brignoni y otras cantidades que aquél adeudaba a éste.

Traigamos ahora a examen la cuenta que Oliver Shaw, yerno de Práxedes Brignoni, pasó a Sixto Antonio Rivera, cuya cuenta ha sido presentada por el demandante, y que literalmente dice así:

| | |
|---|---:|
| ''Escritura en forma de hipoteca_____ | $13,000.00 |
| ''Con intereses por cuatro años calculados sencillamente al 12% son_____ | 6,240.00 |
| ''Un pagaré de $3,965.32 del cual abonó $2,000 el año pasado, queda_____ | 1,865.32 |
| ''Con intereses de 10% anual que son_____ | 186.53 |
| ''Un pagaré de_____ | 3,000.00 |
| ''Con interés de 10% al primer año_____ | 300.00 |
| ''Agregado al principal por falta de pagarlo e interés a ella son_____ | 330.00 |
| ''Un pagaré de_____ | 4,000.00 |
| ''Con interés de 10% al año son_____ | 400.00 |
| ''Agregado al principal por falta de pago son _____ | 440.00 |
| ''Suma total _____ | 29,761.85'' |

El abono a que se refiere la tercera partida de la cuenta transcrita parece haber sido consignado en otro documento también presentado por la parte demandante, que dice así:

''Tengo a la orden de Don Sixto Antonio Rivera, la suma de dos

mil. dollars m. a.    Vieques, julio 25 de 1908.    Práxedes Brignoni, by Oliver Shaw.''

Ante lo alegado en la demanda por Rivera y los documentos que se dejan transcritos, es indudable que el demandante verificó el pago de $2,000 a cuenta de un pagaré de $3,865 con 32 centavos; pero como esa última cantidad no representaba en su totalidad intereses usurarios, y tampoco se ha demostrado la parte de intereses usurarios que estuviera englobada en ella, pues no debe olvidarse que el demandante afirma que los pagarés fueron librados para garantir el pago del ¼% de interés usurario que no pudo consignarse en la escritura de 20 de abril de 1905, incluyéndose en ellos otra cantidad adeudada, tenemos que nos falta base para fijar la cantidad cierta que la sucesión Brignoni debe reintegrar al demandante.    Falta prueba de que los 2,000 dollars satisfechos por el demandante representen un pago de igual cantidad de intereses usurarios hecho a la parte demandada.

En cuanto al segundo fundamento del recurso, opinamos que la corte de Humacao ha incurrido en error al condenar a los esposos Práxedes Brignoni y Gregoria Mercado, en unión de los demás demandados, a la devolución de 2,000 dollars a Sixto Antonio Rivera, pues esa suma fué recibida por la sucesión de Gregorio Brignoni a que aquéllos no pertenecen, y no se ha justificado que se les diera participación en ella, sean cuales fueran los derechos que tengan en el crédito hipotecario cuya nulidad se ha solicitado en la demanda.

Huelga discutir el tercer fundamento del recurso que debe estimarse alegado subsidiariamente, o sea para el caso de que se confirmara la sentencia de la corte inferior en la parte recurrida.

Como se ve por lo que se deja expuesto, faltan en el juicio los elementos probatorios necesarios para fijar y determinar la cuantía de los intereses usurarios satisfechos por la parte demandante a la sucesión demandada, y sin ese requisito no cabe hacer un pronunciamiento condenatorio, por lo que debe

revocarse en la parte en que ha sido apelada, la sentencia·de la corte inferior, ordenándose la celebración de un nuevo juicio, sin especial condena de costas.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.