Pedro Montalvo Colberg, asistido de su padre Manuel Montalvo Colberg, demandante y apelante, *v.* La Corporación "Empresa del Teatro Caborrojeño", y sus directores *de facto* Antonio R. Cabassa, Julio P. Castro, Francisco Comas Ortiz y Enrique López Delgado, demandados y apelados.

No. 3847.—*Visto:* Marzo 16, 1926. *Resuelto:* Julio 18, 1926.

1. Mandamus—Jurisdicción, Procedimientos y Remedio—Apelación—Revisión —Enmiendas, Pruebas Adicionales y Nueva Vista del Caso—Enmiendas que, en Apelación, se Consideran Como Hechas.—Alegándose en petición de *mandamus* que unos directores de corporación demandados nunca fueron legalmente elegidos y apareciendo de la prueba de éstos lo contrario, si la petición no se enmienda para conformarla a la prueba y la resolución de la corte es adversa al peticionario, tal petición no puede considerarse enmendada por la prueba en apelación.

2. Mandamus—Materias y Objetos del Remedio—Actos y Procedimientos de Corporaciones Privadas e Individuos — Mítines de la Corporación o de los Directores—Mandamus para Compeler a Directores que Llamen un Mitin de Éstos—"Hold-over Directors."—Cuando oficiales y directores de una corporación abandonan completamente la dirección de aquélla y tal abandono es inconsistente con la condición de oficiales que continúan desempeñando sus cargos después de expirado el término, aquéllos no pueden ser obligados por *mandamus* a actuar y menos aún en ausencia de demostración de que, bajo esas circunstancias, tienen poder para actuar en la forma solicitada.

3. Mandamus—Naturaleza y Fundamentos en General—Existencia de un Remedio Más Adecuado en Ley.—Teniendo el querrellante en este caso, bajo las condiciones del mismo, un remedio adecuado, mediante solicitud para que se nombrara un síndico, *se resolvió* no precedía expedir el *mandamus* solicitado.

Sentencia de *Charles E. Foote,* J. (Mayagüez), declarando sin lugar la solicitud de *mandamus,* con costas. *Confirmada.*

*José Sabater,* abogado del apelante; *Alemañy & Ramírez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En una acción de *mandamus* el objeto de la petición era hacer que ciertos demandados nombrados citaran a una reunión general de los directores de la corporación para rendir una cuenta de la administración y permitir al demandante como accionista examinar los libros de cierta corporación. Como móvil de esta petición se alegó que la corporación se organizó para poseer y explotar un teatro, que lo poseyó y lo explotó y que últimamente se ha dejado que el teatro se arruine. La petición contiene la alegación de que varios de los demandados citados fungiendo ser oficiales y directores de la compañía, estaban gobernando y dirigiendo la corporación, disponiendo de la propiedad como si hubieran sido oficiales y directores de la compañía debidamente electos, cuando en realidad dichos demandados nunca han sido elegidos oficiales o directores de dicha corporación.

Hubo una contestación y una vista. La corte resolvió, creemos propiamente, que como los mismos querellantes alegan que los demandados nunca fueron legalmente elegidos la petición no demuestra que los demandados podían ser compelidos a realizar los actos solicitados; que ordenarles que los realicen sería conferir una nueva autoridad que estaría en contra de las expresas prescripciones de la ley de *mandamus*.

En apelación el querellante dice que en el juicio se demostró por las manifestaciones de varios de los demandados que ellos, o algunos de ellos, como seis u ocho años antes, habían sido debidamente electos oficiales o directores de la compañía; que como una consecuencia ellos continuaron desempeñando sus cargos de directores u oficiales (*hold over*) con poder para citar la reunión. Esta no fué la teoría de la corte sentenciadora. El querellante no enmendó su petición.

[1] Por consiguiente, en vista de una resolución adversa por la corte inferior, una petición no deberá ser conside-

rada enmendada en apelación. La petición es la base de la causa de acción del peticionario. Sus manifestaciones de récord son las contenidas en su propia petición y a menos que en la corte inferior él tome alguna medida para cambiar su alegación, queda sujeto a ella. Si la corte hubiera resuelto a su favor la petición bajo ciertas condiciones, podría considerarse enmendada en apelación. *El Pueblo* v. *Valdés,* 31 D.P.R. 223. Asimismo, cuando estamos convencidos de que el querellante tiene un caso meritorio de *mandamus,* podríamos en casos excepcionales devolver el caso para ulteriores procedimientos.

[2] El apelante no nos satisface de que los demandados, o cualquiera de ellos, tiene poder actual para citar a la junta directiva, o de todos modos que ellos pueden ser compelidos a actuar. Seis u ocho años antes algunos de los demandados fueron electos como oficiales. Todos los que declararon dicen en efecto que ellos fueron elegidos por un año y desde la terminación del período no han hecho absolutamente nada y de ninguna manera han tratado de dirigir los asuntos de la corporación. El tesorero, es cierto, declaró que recibía los ingresos.

El apelante cita ciertas autoridades para demostrar que los directores que continúan desempeñando sus cargos al expirar sus términos (*hold-over directors*) pueden realizar los actos de los directores regulares, pero no nos cita nada para demostrar que oficiales y directores que han abandonado completamente la dirección siguen siendo tales directores y que pueden ser obligados por *mandamus* para actuar. Creemos que tal abandono es inconsistente con la condición de oficiales que continúan desempeñando sus cargos después de haber expirado sus términos.

El apelante no nos demuestra que estos demandados en particular tenían el poder actual para actuar bajo una supuesta carta constitucional o estatuto de la compañía. No tenemos conocimiento de cuáles son las reglas de la corporación. Se ha encontrado un anterior vicepresidente, un se-

cretario, un tesorero y otros directores, pero no aparece bajo qué condiciones estos directores tienen derecho a actuar. El mero hecho de que el tesorero recibió ciertas rentas y las retuvo, no establece por sí sólo una directiva cuyo término no ha expirado.

[3] Además, estamos de acuerdo con la corte en que el querellante bajo estas condiciones tiene un remedio más adecuado presentando una solicitud para que se nombre un síndico (*receiver*). Generalmente un *mandamus* será expedido solamente en un caso claro.

*No vemos razón alguna para modificar la sentencia en cuanto a costas y la misma debe ser confirmada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.