Diego Agüeros & Co., S. en C., demandante y apelada, *v.* José Navarrete, Alberto Dávila y Dionisio Villaverde, demandados y apelantes.

No. 4257.—*Visto:* Febrero 24, 1928. *Resuelto:* Marzo 6, 1928.

1. Apelación y Error—Presentación y Reserva en la Corte Inferior de los Fundamentos de Revisión—Objeciones y Mociones, y Resoluciones Sobre las Mismas—Cuestiones Relativas a las Alegaciones—Objeciones

A LA DEMANDA—FALTA DE HECHOS PARA CONSTITUIR CAUSA DE ACCIÓN.—
Cuando, alegado como error el declarar la corte inferior sin lugar una ex-
cepción previa a la demanda de falta de hechos, el apelante no hace refe-
rencia en su alegato a la página o parte de los autos para demostrar que
dicha excepción fué sometida o considerada por dicha corte, debe conside-
rarse que la cuestión envuelta se levanta por vez primera en apelación.

2. EMBARGOS—RESPONSABILIDADES SOBRE FIANZAS Y GARANTÍAS—ACCIONES EN
GENERAL—APELACIÓN—REVISIÓN—ENMIENDAS QUE SE CONSIDERAN HECHAS
EN APELACIÓN.—En acción sobre fianza prestada de acuerdo con la sección
2 de la Ley de Tercerías de 1907 (pág. 308) si la demanda no alegare que
no se satisfizo la sentencia dictada en el pleito principal y tal omisión se
halla subsanada por la prueba, la demanda debe considerarse enmendada de
conformidad en apelación.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—SUSPEN-
SIÓN DEL JUICIO.—En el caso de autos, atendidas las circunstancias concu-
rrentes, *se resolvió* que la corte inferior no abusó de su discreción al negarse
a suspender el juicio.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), de-
clarando con lugar la demanda, con costas.  *Confirmada.*

*José S. Alegría,* abogado de los apelantes; *F. Soto Gras,* abogado de
la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

La sección 1, la 2 en parte y la 3 de la Ley para proveer
el procedimiento en los casos de tercería sobre bienes mue-
bles e inmuebles, aprobada el 14 de marzo de 1907, leen
como sigue:

"Sección 1.—Que siempre que un márshal, u otro agente judi-
cial, procediere a cumplimentar una orden de ejecución, embargo, o
cualquiera otra orden contra alguna propiedad mueble, y dicha pro-
piedad, o cualquiera parte de ella, fuere reclamada por un tercero,
éste o su mandatario o abogado, podrá prestar juramento por es-
crito ante cualquier funcionario autorizado para tomar juramentos,
haciendo constar que dicha reclamación se hace de buena fe, y pre-
sentarlo al agente encargado de cumplimentar la orden de ejecución
o embargo.

"Sección 2.—Asimismo el reclamante constituirá y presentará
una fianza al agente encargado de efectuar el embargo, con la ga-
rantía de dos o más fiadores abonados, a satisfacción de dicho agente,
y otorgada a favor del demandante en la orden de embargo, por una
suma igual al doble del valor de la propiedad así reclamada, según
tasación de dicho agente. . . . .

"Sección 3.—La fianza se constituirá con la condición de que si el reclamante no lograre justificar su derecho a la propiedad, devolverá ésta al agente que hubiere efectuado el embargo, o al sucesor de éste, en tan buena condición como la recibió y de que también satisfará el valor razonable del uso, alquiler, incremento y productos de la misma, desde la fecha de la fianza; o si dejare de devolver dicha propiedad, y pagar por el uso, alquiler, incremento y productos de la misma, satisfará al demandante el valor de dicha propiedad, con más el interés legal sobre el mismo desde la fecha de la fianza, así como todos los daños y costas a que fuere condenado."

Los demandados apelan de una sentencia dictada en una acción entablada sobre una fianza con sujeción a los requisitos de la sección 3 y redactada de acuerdo con la fraseología prescrita por una sección posterior de dicha ley.

[1, 2] El primer fundamento de esta apelación es que la corte inferior cometió error al declarar sin lugar una excepción previa a la demanda por no aducir hechos suficientes para determinar una causa de acción, pero en ninguna parte del alegato se hace referencia a la página o parte de los autos correspondientes para demostrar que tal excepción previa fué en momento alguno sometida a la corte inferior o considerada por ésta. Bajo esas circunstancias, puede considerarse que la cuestión envuelta se levanta por primera vez en apelación.

La proposición sometida en el primer señalamiento de error es que la demanda no alega que no se haya satisfecho la sentencia dictada en el pleito original. La demanda contiene una alegación al efecto de que la acción original culminó en una sentencia contra Juan Llorens, demandado en aquel caso, por la suma de quinientos dólares de principal más los intereses al tipo del 12 por ciento anual, a partir del 1º de julio de 1921. En un párrafo posterior de la demanda, el demandante alega que "los demandados" no habían pagado "el capital y los intereses" mencionados. La prueba aducida en el juicio tendió a demostrar que la sentencia obtenida en la acción original jamás había sido satisfecha. La prueba de la demandante fué algo vaga e inde-

finida en lo que respecta a este punto, pero no fué sometida a la prueba de repregunta, y permanece incontrovertida en los autos. La demandante tendría poco motivo para quejarse de una resolución adversa sobre una excepción previa de falta de hechos suficientes para determinar una causa de acción si el demandado hubiese insistido en que se resolviera tal cuestión en la corte inferior. Sin embargo, es obvio que se hubiese permitido una enmienda, y que ésta hubiese sido hecha prontamente si tal excepción le hubiese sido sometida a la consideración de la corte de distrito y sostenida por ésta. De lo que se desprende que, habiendo sido subsanada la omisión por la prueba, la alegación debe considerarse enmendada de conformidad en apelación. *Pueblo* v. *Sucesión Valdés,* 31 D.P.R. 223.

[3] Otra contención es que la corte inferior erró al negarse a suspender la vista del caso.

Cuando el caso fué llamado para juicio, el abogado de los demandados solicitó la suspensión fundándose en que acababa de informársele del estado de gravedad en que se encontraba uno de los demandados, José Navarrete, reclamante de la propiedad embargada en el pleito original, quien se dijo tenía fiebre, con una temperatura de 40 grados, agravada por un ataque de filaria. El abogado ofreció presentar inmediatamente una certificación médica, y manifestó que la declaración del demandado ausente era indispensable y que su presencia era también necesaria por la razón adicional de que era la persona mejor informada respecto a los hechos alegados en la contestación, siendo en realidad la única persona que conocía tales hechos.

Una súplica para que se declarara un receso con el fin de que el abogado pudiera preparar y radicar una moción y una declaración jurada, de conformidad con el artículo 202 del Código de Enjuiciamiento Civil, hubiera ido algo más al punto. Sin embargo, los autos indican que la moción fué discutida, y es lógico asumir que se refrescó la memoria del juez sentenciador en cuanto a los detalles de la

historia de la presente controversia. La única alegación afirmativa contenida en la contestación fué en síntesis que Juan Llorens había dejado el vehículo en cuestión en los terrenos de la feria cerca de la carretera insular, en condiciones deplorables, sin focos y sin magneto; que José García, quien había sido designado por el demandante en el pleito original para que custodiara el carro, lo remolcó hasta la puerta posterior del edificio ocupado por Alvarez Hermanos, y lo abandonó allí a la intemperie; que José Navarrete, después de radicar su demanda de tercería, lo llevó a otro garage y pagó su cuido a razón de $8 mensuales hasta la fecha en que se le hizo entrega del mismo al márshal; que dicho Navarrete, como medida de precaución y con el fin de que se conservara mejor, le quitó los neumáticos y los aros desmontables y se los llevó para su casa con el fin de guardarlos; que en cumplimiento de resolución adversa de la corte inferior respecto a la reclamación de tercería, Navarrete trató de entregar la propiedad en cuestión a la demandante, negándose ésta a recibirla, y alegando que sólo aceptaría el pago de la sentencia que la corte dictara; que entonces Navarrete, dentro del tiempo prescrito por la ley, entregó el vehículo en cuestión al márshal de la corte de distrito, en el lugar en que el mismo le había sido entregado al reclamante; y que la propiedad en controversia no valía $800 al tiempo en que se efectuó el embargo. La contestación también contenía ciertas negaciones de un número de hechos alegados en la demanda. La principal cuestión de hechos que desarrollan las alegaciones parece ser si Navarrete devolvió o no el vehículo de referencia a la custodia del márshal en tan buenas condiciones como cuando le fué entregado. Tomándolo todo en consideración, no podemos decir que la corte inferior abusara de su discreción al rehusar aceptar la manifestación escueta del abogado de que la declaración y presencia de Navarrete en el juicio eran indispensables, estando acompañada, como lo estaba, de la aseveración adicional de que Navarrete era el

único testigo que podía declarar respecto a los hechos expuestos en la contestación.

Las otras cuestiones discutidas en el alegato de los apelantes y que no han sido ya resueltas por nuestras manifestaciones introductorias, en cuanto a las disposiciones estatutorias y la naturaleza de la fianza aquí envuelta, no requieren seria consideración.

*Debe confirmarse la sentencia apelada.*