Ismert Hinke Milling Co., demandante y apelada, *v.* Jacinto Muñoz, demandado y apelante.

No. 4272.—*Visto:* Enero 12, 1928. *Resuelto:* Marzo 7, 1928.

1. Apelación y Error—Revisión—Enmiendas, Pruebas Adicionales y Juicio de la Causa Nuevamente—Alegaciones que se Consideran Enmendadas en Apelación.—Cuando se alega que la corporación demandante está domiciliada en un estado la prueba demuestra que lo estaba en otro y no surge controversia alguna sobre la capacidad de la demandante a ese respecto, el defecto es uno no substancial y puede considerarse que la demanda quedaba enmendada aún en apelación.

2. Corporaciones—Corporaciones Extranjeras—Acciones Entabladas no Sólo por Sino en Contra de Ellas—Partes en las Mismas—Partes Demandantes—Capacidad para Demandar.—Cuando en acción en cobro de un giro aceptado, el demandado basa su defensa en la falta de causa *(consideration)* alegando la incapacidad de la corporación demandante por hacer negocios en la Isla, sin haber sido inscrita, tal incapacidad no puede sostenerse cuando se trata de ventas efectuadas de los Estados Unidos ya que el objeto de la ley no es impedir tales ventas.

3. Ventas—Remedios del Vendedor—Acción para Recobrar el Precio o Valor—Defensas en General—Falta de Consideración.—Efectuada una venta de efectos desde un estado de la Unión por una corporación allí domiciliada, el libre intercambio entre todas las partes de los Estados Unidos impediría que uno que efectúa la compra en Puerto Rico se negara luego a pagarlos.

4. Corporaciones—Corporaciones Extranjeras—Efectuar Negocios en la Isla—Aceptación de Giros por el Comprador.—Efectuada una venta de efectos desde un estado de la Unión por una corporación extranjera, el hecho de que en Puerto Rico se acepte el giro por el comprador no equivale a que dicha corporación efectuara negocios en la Isla.

5. Corporaciones—Corporaciones Extranjeras—Acciones no Sólo por Sino Contra Ellas—Causa de Acción.—Librado un giro pagadero a la orden de un banco que trata de cobrarlo sin éxito y en cuya actuación no pasa de ser aquél más de un agente de la corporación libradora del giro, ésta es siempre la dueña y tenedora del giro y tiene causa de acción para cobrar su importe sin necesidad de un endoso previo del banco a su favor.

6. CORPORACIONES—CORPORACIONES EXTRANJERAS—ACCIONES ENTABLADAS NO SÓLO POR SINO CONTRA ELLAS—COSTAS DEL PROCEDIMIENTO.—Cuando las cuestiones levantadas por una parte en una apelación demuestran que el recurso es frívolo, no comete error la corte inferior al condenar en costas a dicha parte o al fijar las costas contra ella.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), declarando con lugar la demanda, con costas. *Modificada,* y así *modificada, confirmada.*

*Antonio L. López,* abogado del apelante; *Besosa & Besosa,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Humacao dictó sentencia a favor de la corporación demandante por una suma que excedía de $1,300 y el caso se encuentra ante esta corte en virtud de un recurso de apelación debidamente interpuesto.

[1] En la demanda se alegaba que la demandante era una corporación domiciliada en el Estado de Missouri, teniendo su oficina principal en Kansas City, Mo., mientras que la prueba demostró que dicha corporación estaba domiciliada en el Estado de Kansas.

En la contestación se aceptó la alegación de la demanda y no surgió controversia sobre la capacidad de la demandante a este respecto. *Houston Packing Co.* v. *Pagán López & Co.,* 20 D.P.R. 249; *Meunier Fréres* v. *Amill,* 25 D. P.R. 796. Sin embargo, en beneficio de la demandante misma era necesario establecer su propia identidad, lo que creemos logró hacer.

Kansas City, Missouri, se halla en la frontera del Estado de Missouri, separándola un río del Estado de Kansas. Existe Kansas City, Kansas, que está separada por uno o varios puentes de Kansas City, Missouri. Las dos ciudades tienen muchos intereses comerciales en común. No nos detendremos a investigar si podemos tomar conocimiento judicial de estos hechos porque el error no fué substancial y porque podía considerarse que la demanda quedaba enmendada aun en apelación, de conformidad con nuestra deci-

sión en el caso de *Valdés* v. *El Pueblo de Puerto Rico,* 31
D.P.R. 223; *Dragoni* v. *U. S. Fire Insurance Co.,* 36 D.P.R.
469, 483.

[2, 3] El demandado alegaba la incapacidad de la de-
mandante por otros fundamentos, o sea, que siendo una cor-
poración extranjera había tratado de hacer negocios en
Puerto Rico sin estar debidamente inscrita en la oficina del
Secretario Ejecutivo de Puerto Rico. El pleito se basaba
en un giro que había sido aceptado pero que no fué pagado.
La defensa se basaba en la falta de causa (*consideration*),
aunque no se trató de probar esta alegación.

Aun en la teoría de que los efectos entregados no tenían
valor alguno, no podría sostenerse la supuesta incapacidad.
En el presente caso la demandante efectuaba negocios en
Puerto Rico meramente con motivo de una venta efectuada
desde Kansas. El objeto de la ley no es impedir que se
efectúen ventas de los Estados Unidos continentales a Puerto
Rico sino impedir que una corporación del extranjero rea-
lice negocios en esta isla sin haber sido inscrita.

Además, la ley fija una pena por su infracción, y el libre
intercambio entre todas partes de los Estados Unidos im-
pediría que un demandado comprara efectos y que luego se
negara a pagarlos. Un comprador no puede enriquecerse
en esta forma. Esto está indicado en los casos citados pri-
meramente en esta opinión.

[4] En el alegato del apelante se indica que la acepta-
ción del giro fué un acto realizado en Puerto Rico. La acep-
tación del giro no equivalía a efectuar negocios en esta
isla y tal contención es marcadamente frívola. El caso de
*Royal Bank of Canada* v. *McCormick,* 27 D.P.R. 416, es
aplicable.

[5] El giro era pagadero a la orden del First national
Bank, Kansas City, Missouri. El banco trató de cobrarlo
pero no pasó de ser más de un agente de la corporación de-
mandante, que siempre fué la dueña y tenedora de dicho

giro. Código de Comercio, artículo 480; Ley de Evidencia, artículo 102, párrafos 11 y 13. Como dijo la corte inferior,

"Respecto a la propiedad de la obligación, la misma se encuentra actualmente en posesión del librador siendo presunción controvertible 'que las cosas que obran en poder de una persona son de su pertenencia' (art. 102 Ley de Evidencia, párrafo 11), y siendo así hay que convenir en que tal posesión equivale a haberse recogido el giro de la tercera persona a cuya orden se expidiera volviendo la propiedad del mismo al propio librador."

Por tanto, es enteramente errónea la alegación de que era necesario un endoso del banco.

[6] La apelación era frívola, y, por consiguiente, no hallamos que la corte inferior cometiera error al fijar las costas, pero el apelado admite que la corte se equivocó al determinar la suma reclamada en $1,582, en vez de $1,282, y *la sentencia debe modificarse en tal sentido, y entonces confirmarse.*

El Juez Asociado Señor Texidor no intervino.