F. Gavilán & Cía., demandante y apelada, *v.* Viuda de Garriga e Hijos, Enrique Fernández, Angelina R. de Fernández, demandados, y Ricardo Díez, demandado y apelante.

No. 4153.—*Visto:* Junio 3, 1927. *Resuelto:* Junio 21, 1928.

*R. Arce Rollet* y *F. Zapater*, abogados del apelante; *V. Zayas Pizarro*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal

██ Ricardo Diez, el apelante, suscribió un pagaré como fiador. De esto tanto la prueba aducida en el juicio como la opinión de la corte inferior no nos dejan lugar a dudas. Las dificultades que hemos tenido para hacer nuestras conclusiones se deben a que la prueba no siguió la demanda enmendada; la sentencia no se ciñe ni a la demanda enmendada ni a la opinión de la corte, y no se copia correctamente el pagaré objeto de la controversia ni en la demanda enmendada ni en la opinión de la corte. Igualmente, el apelante sostiene, y la apelada admite, que en la sentencia de la corte inferior se incluyó erróneamente a una persona que no es parte en el procedimiento, pero tal cosa no aparece en la sentencia. El error se cometió en la opinión de la corte. No obstante, la prueba demuestra que las partes entendieron debidamente las verdaderas controversias envueltas. Por tanto, en lo que al pagaré se refiere, debe considerarse que la demanda ha sido enmendada de conformidad con la prueba. *El Pueblo* v. *Sucn. Valdés,* 31 D.P.R. 223; *Dragoni* v. *U. S. Fire Ins. Co.,* 36 D.P.R. 469; *Dragoni* v. *U. S. Fire Ins. Co.,* 36 D.P.R.

483; *D. Agüeros & Co.* v. *Navarrete,* 37 D.P.R. 815; *Ismert Hinke Milling Co.* v. *Muñoz,* 37 D.P.R. 819.

F. Gavilán & Cía. era la tenedora de un pagaré de mil dólares. Se hizo pagadero a la orden de F. Gavilán & Cía., y estaba suscrito por Viuda de Garriga e Hijos, Enrique Fernández, Enrique Fernández (*sic*), y Angelina R. de Fernández, como principales, y por Ricardo Diez, el apelante, como fiador. Por la forma del documento, había dudas respecto a quién firmaba como fiador, en vista de que la palabra "fiador" aparecía antes de la firma de Ricardo Diez, pero según la prueba, resulta enteramente claro que Ricardo Diez era el fiador del pagaré, y un examen del pagaré mismo nos convence de esto.

La prueba tendió a demostrar que Viuda de Garriga e Hijos era una firma mercantil de Caguas; que la referida firma, según hemos dicho, adeudaba a F. Gavilán & Co. la suma de $1,000; que para satisfacer dicha deuda, la firma de Viuda de Garriga e Hijos, en unión de otras personas, incluyendo al apelante, firmó el pagaré objeto de este pleito; que dicha firma deudora llegó a ser insolvente y vendió su negocio o efectos a Francisco Escoda; por lo menos éste declaró que era el sucesor de Viuda de Garriga e Hijos; que por virtud de la compra del activo, él le quedó debiendo dinero a dicha mercantil, y que Angelina R. de Fernández vino donde él y le pidió que le pagara el 25 por ciento de la cantidad que la firma Viuda de Garriga e Hijos adeudaba a Ricardo Diez; que Escoda otorgó un pagaré a favor de Ricardo Diez por $250, el cual fué pagado a su vencimiento; que Ricardo Diez admitió en su propia declaración que él era un fiador, aunque trató de justificarse diciendo que era una especie de fiador. Cuando se le preguntó a Escoda por qué Ricardo Diez era un acreedor de la firma, contestó sin objeción alguna que Diez se quejaba de que le era muy duro aceptar $250 o sólo el 25 por ciento. Además, de toda la declaración se desprendía que Ricardo Diez estaba dispuesto a firmar la prórroga

del pagaré bajo las mismas condiciones anteriores, y que solamente se negó a hacerlo así cuando se le pidió que compareciera ante un notario. Se presentó el pagaré en cuestión al Crédito y Ahorro Ponceño, que es un banco de Ponce, siendo descontado por éste a favor de F. Gavilán & Cía., la demandante y apelada.

Un día, mientras el banco estaba en posesión del pagaré, y antes de su vencimiento, Angelina R. de Fernández se presentó en el banco y pagó la suma de $250 a cuenta del pagaré. Como resultado de este pago, la demandante, por lo menos desde su punto de vista, relevó a Angelina R. de Fernández de toda responsabilidad en el pagaré, considerando su obligación como mancomunada, y, por tanto, que sólo ella era responsable de la cuarta parte del montante del pagaré. Este no fué pagado a su vencimiento y el banco exigió de la apelada que lo pagara, lo cual se hizo, siendo entonces dicho pagaré entregado a la apelada, quien entabló la presente acción. Por su forma, la sentencia iba dirigida contra Viuda de Garriga e Hijos, Enrique Fernández y Ricardo Diez, con una responsabilidad aparentemente mancomunada y solidaria. No se hizo a Angelina R. de Fernández parte en el pleito, y no fué incluida en la sentencia. De la sentencia así dictada sólo apeló Ricardo Diez.

Sus esfuerzos principales en la corte inferior y en esta apelación han sido para demostrar que el pago efectuado por Angelina R. de Fernández al banco fué hecho en realidad a nombre de él, y que tal pago lo relevó de toda responsabilidad.

Las declaraciones de un número de testigos respetables, incluyendo el gerente del banco, tendieron a demostrar que Angelina R. de Fernández hizo el pago de $250 por su propia cuenta. La corte tenía derecho a creer estas declaraciones, a pesar de la supuesta prueba contradictoria ofrecida por los demandados. Decimos "supuesta prueba contradictoria" en vista de que toda esta prueba aparecía en deposiciones a las cuales la demandantes se opuso, y no estamos del todo

convencidos de que sus objeciones no fueran sostenibles. Sin embargo, la corte admitió las deposiciones. Concediendo a éstas el valor probatorio debido, no vemos cómo la corte pudiera haber llegado a una conclusión distinta.

La deponente principal fué la misma Angelina R. de Fernández. Ella declara haber recibido un cheque de Ricardo Diez por $250, el cual hizo efectivo y pagó su producido al banco. Dice además que antes de ir al banco fué donde F. Gavilán & Cía. y les dijo que venía a nombre de Ricardo Diez, quien deseaba saldar su cuarta parte de la obligación, o algo a ese efecto. De acuerdo con la declaración de esta señora, F. Gavilán & Cía. dijeron que estaban dispuesto a aceptar la proposición, siempre que el banco a su vez la aceptara. De aquí en adelante, no hay prueba alguna en su narración de que el banco aceptara tal cosa. Además, de acuerdo con esa declaración, el gerente del banco le dijo que probablemente ella podía hacer con F. Gavilán & Cía. algún arreglo satisfactorio para prorrogar el pagaré. No hay prueba alguna de que posteriormente F. Gavilán & Cía. convinieran en relevar de responsabilidad a Ricardo Diez.

No sólo es extremadamente improbable que el banco o F. Gavilán & Cía. relevaran a un fiador en esa forma, sino que, según hemos indicado, la prueba, aun considerada con toda liberalidad, dejó de demostrar que se hiciera tal relevo. El peso de la prueba recaía sobre Ricardo Diez para demostrar que así se había hecho. Podemos decir de paso que Angelina R. de Fernández fué la única deponente que podía declarar respecto a este relevo verbal, y que su declaración fué contradicha de plano.

Al tiempo de la supuesta conversación de ella con F. Gavilán & Cía., esta firma no era la dueña ni tenedora del pagaré. El banco no podía haber relevado a Diez como fiador sin antes asumir la responsabilidad para con F. Gavilán & Cía. De esta ligera manifestación de Angelina R. de Fernández, según vemos de los autos, dependió la defensa prin-

cipal de Ricardo Diez. Los Fernández eran marido y mujer y estaban más o menos relacionados con la firma insolvente. Estaban deseosos de relevar a Ricardo Diez de responsabilidad, porque según parece, él firmó para complacerlos.

Por su forma la sentencia fué dictada contra todas las partes mancomunadamente. La apelada solicita que modifiquemos la sentencia para que comprenda primeramente a los deudores principales y luego a Diez solidariamente. Se alega que la corte sentenciadora en su opinión demostró que su intención fué hacer esto. Sin embargo, la apelada nada hizo en la corte inferior tendente a corregir la sentencia y la sociedad demandante no ha apelado. Tal vez se cometió un error contra dicha firma pero generalmente en apelación solamente pueden corregirse los errores cometidos contra un apelante. *Jackson* v. *Feather River Water Co.*, 14 Cal. 19; *Rivera* v. *Brignoni*, 17 D.P.R. 1204; *Puig* v. *Sucn. Polanco*, 16 D.P.R. 741. *Consensus tollit errorem.* La demanda enmendada en forma alguna estaba redactada bajo la teoría que ahora se alega, y es muy dudoso que se condujera el juicio en tal sentido.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Texidor no intervino.