Villar & Co., Inc., demandante y apelada, *v.* Francisco Fortuño Sellés, demandado y apelante.

No. 4704. *Sometido:* Marzo 8, 1929.—*Resuelto:* Marzo 12, 1929.

*O'Neill & O'Neill,* abogados del apelante; *Harry B. Llenza,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Villar & Co., Inc., presentó ante la Corte de Distrito de San Juan, P. R., una demanda contra Francisco Fortuño Sellés alegando que como consecuencia de la venta de una cantidad de cemento en barriles, expidió dos giros, que suman quinientos ochenta dólares y 91 centavos, a cargo del demandado Fortuño Sellés, y a la orden del Banco de Nova Scotia:

que el demandado aceptó los giros, pero al serle presentados para su pago, se negó a satisfacer su importe, y no lo ha satisfecho ni en todo, ni en parte: y que la demandante tuvo que recoger los giros, que son ahora de su propiedad; y pidió se condenara al demandado a pagarle dicha suma, con intereses desde la fecha de vencimiento, y las costas. La demanda se halla jurada en forma legal.

El demandado presentó primero una moción eliminatoria, luego una excepción previa; y luego la contestación, en la que alega así:

"Primero.—Que niega general y específicamente todos y cada uno de los hechos de la demanda del presente caso, y

"Como materia nueva constitutiva de oposición, alega que dicha demanda no aduce hechos suficientes para determinar una causa de acción."

La contestación no está jurada.

La demandante pidió a la corte, y la obtuvo, la eliminación de la contestación, por no negarse en ella las alegaciones en forma específica, sino en conjunto. Y luego, la misma parte pidió y obtuvo sentencia en rebeldía, contra la que se interpuso este recurso de apelación.

█ El apelante señala un error, como sigue:

"Unico error.—La Corte de Distrito de San Juan cometió error al declarar que la demanda presentada en este caso por la demandante aduce hechos suficientes para determinar una causa de acción en contra del demandado."

Se funda en que en la demanda se alega clara y distintamente que los giros en la misma transcritos fueron de la propiedad del Banco Nova Scotia, y que pasaron a la propiedad de la demandante, cuando el demandado dejó de pagarlos; de lo que resulta, según el apelante, que el Banco no actuó como agente, sino que descontó los giros, y pagó su importe a la demandante, en la forma ordinaria y corriente para las letras de cambio; y no se ha alegado que mediara luego un endoso que es la forma de trasmisión de las letras

de cambio, según el artículo 461 del Código de Comercio; ni se ha alegado que se hiciera el protesto por falta de pago, ni aparece de la copia de los giros.

No puede el apelante establecer deducciones en materia de hecho, como las que ahora pretende presentar, para sostener que la demanda no aduce hechos suficientes. La excepción debe partir de las alegaciones de la demanda, y no de hechos que la parte deduzca.

 Aquí. los giros se libraron a la orden del Banco Nova Scotia, que en la realidad es un agente, en el caso, para hacer el cobro. El librado aceptó los giros, y no los pagó; hechos que aparecen de la demanda, de la falta de negación específica, y aun. alguno de ellos del mismo alegato del apelante. Se alegó por la demandante que ella es la actual propietaria de los giros; y esto no se ha contradicho por el demandado con una negación en forma, pudiendo afirmarse que se ha admitido. Si la demandante es la propietaria de los giros, y esto es un hecho, no hay que deducir, elucubrar acerca del origen, el título y el modo de adquirir esa propiedad; hay que partir del hecho indudable de la propiedad no contradicha; y entonces es indudable que la demandante no tiene ninguna otra alegación que hacer. El demandado, en la posición en que se ha colocado, no puede hoy suscitar la cuestión que suscita.

La cita de la decisión en *Ismart Hinke Milling Co.* v. *Muñoz*, 37 D.P.R. 819, no es apropiada. Allí se dice:

"Librado un giro pagadero a la orden de un banco que trata de cobrarlo sin éxito y en cuya actuación no pasa de ser aquél más de un agente de la corporación libradora del giro, ésta es siempre la dueña y tenedora del giro y tiene causa de acción para cobrar su importe sin necesidad de un endoso previo del banco a su favor."

Como se ve, la cita es de resultado adverso a la parte apelante.

 Igualmente son inaplicables los artículos del Código de Comercio que por el apelante se citan.

La demandante en el caso no va a ejercitar la acción que señala el artículo 516 del Código de Comercio.

"En defecto de pago de una letra de cambio presentada y protestada en tiempo y forma, el portador tendrá derecho a exigir del aceptante, del librador o de cualquiera de los endosantes, el reembolso con los gastos de protesto y recambio; pero intentada la acción contra alguno de ellos, no podrá dirigirla contra los demás, sino en caso de insolvencia del demandado."

Ni hace falta a la demandante acreditar la falta de pago de la letra (artículo 502 del Código citado ni el protesto le servirá para el fin procesal que indica el artículo 521 del código que venimos citando.

No hay en la sentencia nada que justifique al apelante en el señalamiento de error que presenta.

*Debe confirmarse la sentencia apelada.*