ABOY, VIDAL & CO., INC., demandantes y apelada, *v.* LUIS GARÓFALO y MATEO ALBANESE, demandados y apelantes.

No. 4349.—*Sometido:* Diciembre 14, 1928. *Resuelto:* Junio 19, 1929.

*Eduardo López Tizol*, abogado de los apelantes; *Juan Valldejuli*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Luis Garófalo y Mateo Albanese suscribieron un pagaré a favor de la corporación Lee, Vidal & Bolívar, Inc. La principal controversia en el presente caso versa sobre la insuficiencia del endoso hecho por la dicha Lee, Vidal & Bolívar, Inc., a la corporación demandante. El pagaré presentado durante el juicio mostraba en el endoso la fecha del mismo y el nombre del endosante, tal como lo exige el Código de Comercio. La corte dictó sentencia a favor de la demandante.

El primer señalamiento de error es que la demanda,

en lo que al endoso se refiere, es insuficiente. El cuarto párrafo de la misma lee así:

"Que con fecha 24 de diciembre de 1925 y habiendo sido notificados los demandados, dicha Lee, Vidal & Bolívar, Inc., cedió, traspasó y entregó a la demandante en este caso el mencionado pagaré, con el endoso correspondiente que dice: 'Páguese a la orden de Aboy, Vidal & Co., Inc., por valor entendido.'"

En el caso de *Cintrón & Aboy* v. *Solá*, 22 D.P.R. 262, se dice, para citar del sumario, lo siguiente:

"Alegada la falta de hechos suficientes en la demanda para constituir una causa de acción, fundada en que el endoso del pagaré, sin expresión de fecha, únicamente puede entenderse como una simple comisión de cobranza, no siendo los demandantes dueños del pagaré, sino simples cesionarios subrogados en lugar del cedente, *se resolvió:* que ya se considere el endoso como una comisión de cobranza, ya como una cesión de derechos, existe verdadera causa de acción para el cobro."

Tenemos la idea, como la tuvo la corte inferior, que aun si el endoso, tal como ha sido copiado, no fuera suficiente para permitir que se pudiera demandar a virtud del pagaré como tal, sin embargo, hubiera podido utilizarse como una cesión de derechos, etc., según se dice en la citada decisión. Empero, tenemos una duda, toda vez que la demanda se limita claramente al cobro del pagaré según fué endosado, y durante el juicio no se hizo alegación o tentativa alguna al efecto de considerar los derechos de la demandante en alguna otra forma que como procedentes de un endoso hecho debidamente.

Lo que la demandante en realidad debió haber hecho en este caso fué enmendar su demanda para ajustarla a la prueba. Los autos en su totalidad nos convencen de que pudo haberlo hecho así sin causar sorpresa alguna a los demandados y sin demorar el juicio. La buena práctica, por lo menos, exige que tal enmienda se haga. Sin embargo, en este caso en particular no se radicó excepción previa alguna contra la demanda, y creemos que los demandados fueron suficientemente notificados, según lo revela el juicio. Por tanto, como

se trata de una cuestión de justicia para la demandante, consideraremos la demanda como enmendada. *El Pueblo* v. *Sucesión Valdés,* 31 D.P.R. 223; *Montalvo* v. *Teatro Caborrojeño,* 35 D.P.R. 785; *Dragoni* v. *U. S. Fire Insurance Co.,* 36 D.P.R. 469, 483; *Diego Agüeros & Co.* v. *Navarrete,* 37 D.P.R. 815; *Ismert Hinke Milling Co.* v. *Muñoz,* 37 D.P.R. 819; *F. Gavilán & Cía.* v. *Vda. de Garriga e Hijos,* 38 D.P.R. 416.

Igualmente creemos que el artículo 142 del Código de Enjuiciamiento Civil es aplicable. Lee así:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

El primero y cuarto señalamiento de error han sido cubiertos por las anteriores consideraciones.

Podríamos decir de paso que el dejar la demanda de demostrar la autoridad que tenía el tesorero de la corporación a cuyo favor se expidió el pagaré de endosar éste fué un mero defecto, y, en ausencia de una excepción previa dirigida a este extremo, era subsanable durante el juicio, y fué subsanado.

Igualmente, de acuerdo con el inciso 21 del artículo 102 de la Ley de Evidencia se presume la causa (*consideration*) y el uso de las palabras "por valor entendido" no destruye la presunción así creada.

No podemos convenir con los apelantes en que una certificación expedida por el Secretario Ejecutivo no sea prueba suficiente y primaria de la existencia de una corporación. Dicho funcionario tiene a su cargo el registro de corporaciones, y puede certificar lo que en él aparezca. La presentación de las cláusulas de incorporación es innecesaria. Esto cubre el segundo señalamiento de error.

El tercer señalamiento de error no requiere discusión particular.

■■■■■■■■■■■

■ Como el presente debe considerarse como un pleito en cobro de un pagaré debidamente endosado, las supuestas defensas de los otorgantes originales, aquí demandados, son improcedentes. Tal era el objeto del quinto señalamiento de error.

■ En respuesta al sexto señalamiento de error, es evidente que la corte tenía derecho a fijar intereses desde la fecha de la presentación de la demanda, aunque el pagaré mismo no hiciera mención de intereses.

Esto resuelve directa o indirectamente todos los señalamiento de error, y *la sentencia apelada debe confirmarse.*