THE ROYAL BANK OF CANADA, DEMANDANTE Y APELADA, *v.* A. McCORMICK & Co. Y MUÑOZ, DEMANDADOS Y APELANTE EL SEGUNDO.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 1892.—Resuelto en mayo 29, 1919.

APELACIÓN—TRANSCRIPCIÓN DE AUTOS—ALEGATO.—Si la transcripción no aparece claramente escrita y el alegato del apelante no contiene un señalamiento es-

pecífico de errores por separado, de la discusión de los mismos, la Corte Suprema de acuerdo con la Regla 43 de su Reglamento sólo considerará las cuestión más importantes para demostrar que no se han cometido errores o que si los ha habido no son fundamentales.

DEUDOR—FIADOR—EXCUSIÓN—ALEGACIONES.—La alegación hecha en una demanda de que el deudor carecía de bienes desde antes del vencimiento de la deuda es suficiente para cumplir con el requisito de que el fiador no debe ser demandado hasta que no hayan sido agotados todos los recursos contra el deudor particularmente por estar el fiador en la obligación de señalar bienes realizables del deudor.

CORPORACIÓN EXTRANJERA — PAGARÉ — PRUEBA. — Puesto que es el Tesorero de Puerto Rico el funcionario que expide licencias a las corporaciones extranjeras, su certificación es admisible como prueba para probar que una corporación extranjera está autorizada para realizar negocios aunque el hecho de no tener tal licencia no constituiría obstáculo alguno para que un banco extranjero pudiera establecer una acción fundada en un pagaré.

PAGARÉ—IDENTIFICACIÓN—PRUEBA.—Después que un perito ha identificado un pagaré sin que se formule objeción a su declaración no podrá ser impugnado dicho pagaré por el fundamento de no haber sido identificado.

ID.—PAGO DE PARTE DEL MISMO—PESO DE LA PRUEBA.—Si se establece una acción por una suma menor del valor representado en un pagaré no podrá hacerse objeción de que una parte del mismo ha sido satisfecha y dicha prueba no será necesaria. Además, la presentación de un pagaré por cualquier tenedor impone al obligado el deber de demostrar que el pagaré ha sido satisfecho.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogados de la apelada: *Sres. José* y *Alberto Poventud.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La regla 39 del Reglamento de este tribunal prescribe que los documentos que forman la transcripción de los autos en apelación deberán aparecer claramente escritos. Una parte de los autos de este caso y del alegato del apelante no están claramente escritos sino que son copias malas, hechas en papel carbón. Las reglas 42 y 43 prescriben que el alegato deberá contener una exposición de los errores. El apelante discute más o menos seis errores, uno por uno, sin hacer dicho señalamiento de error específico. El señalamiento de error es algo así como la alegación de un apelante y debe hacerse constar por separado antes de discutir los errores en particular. Por tanto, de acuerdo con la regla 43 discutiremos solamente las cuestiones más importantes para

demostrar que no constituyen error, o que dichos errores no son fundamentales.

El primer error que ha sido alegado se refiere a la supuesta omisión de la demanda en alegar que en este caso el acreedor agotó sus remedios mediante excusión en los bienes del deudor antes de establecer su acción. La alegación de la demanda era que el deudor carecía de bienes desde antes del vencimiento de dicho pagaré. Creemos que esta alegación fué suficiente, particularmente por estar el fiador en el deber de señalar bienes realizables del deudor principal si hubiere algunos. *Fantauzzi* v. *Vázquez*, 22 D. P. R. 721.

El apelante se opuso a la admisión de una certificación expedida por el Tesorero de Puerto Rico con la que se pretendía probar que la demandante era una corporación del Canadá debidamente constituída bajo las leyes de Puerto Rico. La objeción formulada y en la cual se insistió se fundaba en que el Secretario de Puerto Rico era la persona a quien correspondía certificar respecto a una corporación extranjera y no al Tesorero. Nos inclinamos a convenir con el apelado en que siendo el Tesorero quien tiene que expedir una licencia para que una corporación extranjera pueda realizar negocios en Puerto Rico es él la persona competente para certificar acerca de la realización de dichos negocios. De todos modos no se alegó como fundamento de objeción la falta de capacidad para demandar. El hecho de no tener una licencia no impediría que el banco pudiera demandar en cobro de un pagaré y la alegación de la demanda de un privilegio para hacer negocios en Puerto Rico era innecesaria.

En el tercer señalamiento de error que ha sido alegado el apelante trató de abarcar una multitud de cosas. La primera fué que el pagaré no había sido identificado debidamente. Esto más concretamente quería decir que los endosos no fueron probados suficientemente. Por falta de la debida argumentación no discutiremos el punto de si el tenedor de un pagaré está relevado de la necesidad de tener

que probar las firmas de los endosatarios intermediarios pues creemos que en este caso hubo prueba tendente a acreditar las firmas aunque no muy fuerte.   Un contador auxiliar declaró respecto a la legitimidad de las firmas y manifestó que el conocimiento que tenía procedía de haber visto otras firmas de los mismos endosatarios en el curso ordinario de los negocios.   Además, técnicamente no se formuló objeción por no haberse demostrado primeramente que el testigo era competente para declarar.   Se le permitió declarar acerca de las firmas sin hacerse objeción específica por tal fundamento pero la objeción y excepción sólo se hicieron a la admisión del pagaré después que había declarado el testigo. Conviene observar que el apelante manifestó que no estaba listo para oponerse al pagaré por no haber repreguntado suficientemente al testigo, cuando en realidad debió haberse opuesto a la declaración del testigo en cuanto a la firma. Está en un error el apelante al decir que no hubo prueba de la firma de uno de los endosatarios, el "Irving National Bank."   En las páginas 3, 8 y 9 de la exposición del caso declara el testigo sobre su conocimiento de la firma del "assistant" del "Irving National Bank."

Bajo el mismo error se alude al hecho de no haber probado claramente el apelado qué cantidad del pagaré había sido satisfecha.   Según lo entendemos el apelado trataba solamente de recobrar una parte del pagaré puesto que ya había sido pagada otra parte por uno de los fiadores.   Parecería cosa de sentido común que si un demandante litiga por una cantidad menor del valor representado en un pagaré no puede hacerse objeción por haberse satisfecho parte de la deuda y no es necesaria la prueba de haberse satisfecho dicha parte.   Además, un hecho que pareció no haber sido tomado en cuenta por nadie fué que la presentación del pagaré en manos de cualquier tenedor hace que el peso de la prueba recaiga en el demandado para demostrar que ha sido satisfecho un pagaré.

Hubo prueba suficiente de que el deudor carecía de bie-

nes para que el demandante pudiera estar en condiciones de poder demandar al fiador y los demás errores alegados no merecen particular atención.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.