Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LUIS VALDESUSO GARCÍA SARA GARCÍA ROMERO, SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelante<br><br>v.<br><br>LUNA COMMERCIAL II, LLC, CONDADO 3, LLC<br><br>Apelado | KLAN202400932 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV06759<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

Comparece el señor Luis M. Valdesuso García, la señora Sara García Romero y la sociedad legal de bienes gananciales compuesta por ambos (apelantes). Nos solicitan la revocación de la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) notificó el 18 de septiembre de 2024. En esta, el foro primario declaró no ha lugar la demanda de epígrafe, que versa sobre la nulidad de la *Sentencia*, emitida el 6 de diciembre de 2022 por el TPI, en el caso número K CD2015-2167.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado. Veamos.

## I.

El 22 de julio de 2024, los apelantes instaron la demanda de epígrafe en contra de Luna Commercial II, LLC (Luna) y Condado 3, LLC (Condado 3) con el fin de lograr que se declarara la nulidad de la *Sentencia* final, notificada en el caso número K CD2015-2167. De sus alegaciones surge que, obtuvieron un préstamo con Doral Bank

Número Identificador

SEN2024 _____

por la suma principal de $487,050.00, mediante un pagaré hipotecario vencedor el 1 de diciembre de 2018. Al constituir la hipoteca, mediante la Escritura Núm. 207, gravaron la Finca 31774 sita en Río Piedras Norte. Ambos instrumentos fueron otorgados ante la abogada notaria, licenciada Teresa González Ferrer.

Así las cosas, el Banco Popular de Puerto Rico adquirió el referido pagaré hipotecario y ante los alegados incumplimientos de pago, incoó una demanda (caso número K CD2015-2167), sobre cobro de dinero y ejecución de hipoteca en contra de los apelantes. Pendiente el referido litigio, Condado 3 solicitó acumularse como parte demandante, por haber adquirido el referido pagaré hipotecario en controversia. En atención a lo expuesto por las partes, sobre la acción de cobro de dinero y ejecución de hipoteca, el TPI emitió una *Sentencia* decretando su archivo con perjuicio. Lo antes, luego de tomar conocimiento de lo informado, sobre un acuerdo privado y confidencial que, daba por resueltas todas las reclamaciones pendientes entre las partes.

Ahora bien, con posterioridad, Condado 3 solicitó el relevo de dicha sentencia, lo cual el TPI denegó. Inconforme, Condado 3 acudió ante esta Curia y un panel hermano (recurso núm. KLCE202000675) revocó y ordenó la reapertura de la causa y la continuación de los procesos en el caso número K CD2015-2167. Pendiente el referido proceso judicial, Condado 3 vendió a Luna el pagaré hipotecario en controversia. A esos efectos, el foro primario autorizó la sustitución de dicha parte en el lugar de Condado 3. Culminados los procesos de rigor y justipreciado un petitorio de naturaleza sumaria, el 6 de diciembre de 2022, el TPI notificó su *Sentencia* (caso núm. K CD2015-2167) a favor de Luna. En ella, condenó a los apelantes al pago de $202,373.44, más intereses y honorarios.

Ante la ausencia de cumplimiento del dictamen, el TPI ordenó la subasta de la propiedad hipotecada en concepto de ejecución. Dentro de este contexto procesal, los apelantes presentaron el pleito independiente de epígrafe, mediante el cual imploraron al foro primario que decretara el relevo de los efectos de la *Sentencia* emitida en el caso núm. K CD2015-2167. Ello, por entender que, la misma es nula. En esencia arguyeron que, Condado 3 no está y nunca ha estado autorizado a hacer negocios en Puerto Rico, por lo que la cesión a Luna de los derechos sobre el pagaré hipotecario es nula. A lo antes agregaron que, Condado 3 nunca prestó una fianza de no residente, conforme lo exige la Regla 69.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

En reacción y como parte de los asuntos interlocutorios ante su consideración, (en el caso de epígrafe, número SJ2024CV06759), el TPI notificó una *Orden para mostrar causa* en la cual destacó lo resuelto previamente y mediante *Sentencia* (recurso núm. KLAN202300215) por un panel hermano de esta Curia, entre las mismas partes. En ella, el panel hermano expresamente atendió idéntico planteamiento al esbozado en el pleito de epígrafe, atinente a la supuesta falta de prestación de fianza de no residente. Cabe puntualizar que, el referido dictamen del foro apelativo advino final y firme, luego de que, el Tribunal Supremo denegara la expedición del auto de *certiorari* y se expidiera el mandato, el 8 de mayo de 2024. Además, en la misma orden para mostrar causa, el TPI consignó que el hecho de que una entidad extranjera sea tenedora por endoso de unos pagarés otorgados y a pagarse en Puerto Rico, "por sí solo no constituye hacer negocios en la isla". *Schwartz v. Tribl. de Distrito*, 73 DPR 856, 875 (1952); *Royal Bank of Canada v. A. McCormick & Co. y Muñoz*, 27 DPR 414 (1919). Conforme lo expuesto, el foro primario concedió un término a los apelantes para que mostraran causa por la cual no procedía la desestimación de la

demanda de epígrafe bajo el fundamento de cosa juzgada. En cumplimiento, los apelantes expusieron que no procedía desestimar la causa, toda vez que, el Tribunal de Apelaciones solo atendió el tema sobre la falta de pago de fianza de no residente, sin resolver las consecuencias legales de haber emitido un dictamen a solicitud de una entidad foránea no autorizada para hacer negocios en Puerto Rico y, por tanto, sin legitimación activa.

Examinado lo anterior, el TPI emitió la *Sentencia* apelada. En esta, concluyó que los apelantes intentan re-litigar las mismas controversias, entre las mismas partes, previamente resueltas por el foro primario (caso núm. K CD2015-2167), así como, por un panel hermano (recurso núm. KLAN202300215). Al resolver, el foro primario expuso que los apelantes pretenden detener la ejecución de la sentencia mediante el pleito instado, cuya viabilidad se encuentra imposibilitada ante la aplicación de la doctrina de cosa juzgada. Reiteró que el hecho de que una entidad extranjera sea tenedora por endoso de unos pagarés otorgados y a pagarse en Puerto Rico, "por sí solo no constituye hacer negocios en la isla". *Schwartz v. Tribl. de Distrito*, supra; *Royal Bank of Canada v. A. McCormick & Co. y Muñoz,* supra. En su consecuencia, concluyó que los planteamientos de los apelantes no inciden sobre la jurisdicción del tribunal sentenciador en el caso número K CD2015-2167 y ordenó el archivo del caso.

Inconformes, los apelantes acuden ante esta Curia y en su único señalamiento de error exponen lo siguiente:

Erró el TPI al no decretar la nulidad de la Sentencia en el caso K CD2015-2167 por: (i) haberse dictado a solicitud de una corporación extranjera que no prestó fianza de no residente; y (ii) haberse dictado sumariamente cuando existía controversia material sobre la cuantía adeudada y de los propios documentos surge controversia sobre la validez del pagaré.

El 18 de noviembre de 2024, la parte apelada acreditó su alegato en oposición. Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A.    Cosa Juzgada**

La doctrina de cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012).

La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654-655 (2013). La defensa de cosa juzgada también tiene el efecto de evitar que en un pleito posterior se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de

acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe,* 186 DPR 263, 273 (2012).

**III.**

Los apelantes arguyen que, el foro primario incidió al declarar no ha lugar su demanda sobre relevo de sentencia por nulidad y mantener en vigor la *Sentencia* notificada en el caso núm. K CD2015-2167 la cual fue dictada sumariamente a favor de la parte apelada. Lo antes, sin considerar que el promovente del petitorio sumario es una corporación extranjera que nunca prestó fianza de no residente y, a pesar de que, existe controversia material sobre la cuantía adeudada y sobre la validez del pagaré.

De otra parte, Luna argumenta en su alegato que, la presunta controversia sobre la cuantía adeudada, los apelantes la levantaron -por primera vez- en la etapa apelativa. Añade que, lo que discutieron los apelantes en su demanda fue que Condado 3 no tenía licencia para hacer negocios en Puerto Rico, sin incluir alegación alguna en cuanto a la fianza de no residente. Por último, asegura que el TPI actuó correctamente al desestimar la acción de nulidad debido a que, los argumentos de los apelantes en la causa de epígrafe son idénticos a los previamente adjudicados por el TPI (caso núm. K CD2015-2167), y confirmados por un panel hermano de esta Curia (recurso núm. KLAN202300215).

Por tratarse de un asunto de índole jurisdiccional procedemos, en primer lugar, a evaluar la aplicabilidad de la doctrina de cosa juzgada.

Al revisar la *Sentencia* sobre ejecución de hipoteca que dictó el TPI, en el caso núm. K CD2015-2167, tomamos conocimiento de lo allí adjudicado. Además, colegimos que en dicho dictamen el foro primario atendió los mismos hechos que los apelantes pretenden re-litigar a través de la causa de epígrafe. Como expusimos en el tracto

procesal, el referido dictamen fue objeto de revisión ante un panel hermano de esta Curia, (recurso núm. KLAN202300215). Como se sabe, ante la ausencia de controversias medulares, el panel hermano confirmó la determinación del foro primario conforme a derecho. En el referido dictamen, precisamente se dilucidó la ausencia de pago de fianza de no residente y la procedencia del reclamo de Luna, reconociendo así, la validez del traspaso del pagaré en disputa del Banco Popular de Puerto Rico a Condado 3 y luego a Luna, así como acción de cobro de dinero y ejecución de hipoteca. Dicho dictamen advino final y firme ante la denegatoria del Tribunal Supremo a expedir el auto de *certiorari,* y luego de la correspondiente expedición del mandato, el 8 de mayo de 2024.

Colegimos de lo antes que, la determinación del foro primario, en el caso núm. K CD2015-2167, adjudicó las controversias que los apelantes señalan en el presente caso. Además, se configura la identidad de los litigantes que requiere la doctrina de cosa juzgada debido a que las partes en el pleito anterior son las mismas que las de la causa de epígrafe. De conformidad, la presente causa cumple con los requisitos que exige nuestro ordenamiento jurídico para que opere la doctrina de cosa juzgada. El efecto de la doctrina de cosa juzgada es que, el dictamen emitido en el pleito anterior impide uno posterior entre las mismas partes y sobre la misma causa. *Presidential v. Transcaribe,* supra. De todos modos, al entender en la presente causa y en particular sobre la alegada nulidad de sentencia por razón de la supuesta falta de legitimidad de Condado 3, colegimos que, el foro primario resolvió correctamente. Surge del dictamen que, el TPI de forma eficaz procedió a consignar cuáles son las actividades que no constituyen hacer negocios en Puerto Rico. Véase, 14 LPRA sec. 3805. De ahí concluyó que, el hecho de que Condado 3 fuera tenedor del pagaré (que luego se transfirió a Luna) por sí solo, no constituye hacer negocios en Puerto Rico. En su

consecuencia dictaminó que, los planteamientos de los apelantes no inciden sobre la jurisdicción del foro primario en el caso K CD2015-2167 por lo que no procede el reclamo de nulidad de sentencia promovida por los apelantes.

Hemos evaluado sosegadamente el recurso instado y colegimos que, los apelantes no nos han puesto en posición para intervenir con el dictamen apelado fundamentado conforme a derecho. Véase *Schwartz v. Tribl. de Distrito,* supra y *Pérez Ríos y otros v. Luma Energy, LLC,* 2023 TSPR 136, resuelto el 16 de noviembre de 2023.

Por tanto, el TPI actuó correctamente al declarar no ha lugar a la demanda de epígrafe y al ordenar su archivo. El error señalado no se cometió.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal - de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones